## GODDARD v. FULTON et al.

WHERE the allegations of an answer, although stated in an affirmative form, are in effect only a denial of the allegations of the complaint, they do not constitute new matter within the meaning of our Practice Act.

If the answer either directly or by way of necessary implication admits the truth of all the essential allegations of the complaint which show a cause of action, but sets forth facts from which it results that, notwithstanding the truth of the allegations of the complaint, no cause of action existed in the plaintiff at the time the action was brought, those facts are new matter; but if the facts averred in the answer only show that some essential allegation of the complaint is untrue, then they are not new matter, but only a traverse.

To a complaint in the usual form upon a promissory note, an answer was filed admitting the signing of the note but averring that it was made, not on account of any indebtedness existing between the parties but for the purpose of being used as collateral security for a debt due to a third person, from the maker and payee jointly; that the joint debt was subsequently paid, and that the note having thus become *functus officio* should have been canceled, but through fraud was taken and held by the payee, and transferred without consideration by him to the plaintiff: *Held*, that these allegations were not new matter, which, under the system of replications then in force, was admitted by a failure to reply; that their only effect was to deny that any obligation of the character counted upon in the complaint was ever created by the signing of the instrument, and thus to traverse its essential allegations.

APPEAL from the Twelfth Judicial District.

The facts are stated in the opinion of the Court.

*Whitcomb, Pringle & Felton,* for Appellant.

We put the case on this single proposition: That the matter in the answer which is relied upon as constituting new matter is simply in direct contradiction of two specific material allegations of the complaint, and only amounts to a circumstantial denial of the delivery of the note and mortgage by Fulton to McKee, and that McKee gave Fulton any consideration therefor.

As regards the note and mortgage, the answer admits substantially that they were written by the defendant, Fulton; that prior to the assignment to the plaintiff they were in the possession of the assignor McKee, and are now in the hands of the plaintiff, the assignee.   We admit that these facts if proved on the trial, would raise a presumption of certain other facts; namely, that this note and mortgage were made, executed, and delivered by the defendant, Fulton, to McKee for a valuable consideration.   But these latter facts, so far from being admitted by the answer, are both directly and circumstantially denied therein; and the admission is an admission of matters of evidence alone and not of pleading.

Suppose McKee did have the note entrusted to him by Fulton for the purpose of handing to Swain, what was his position with reference to it?   Evidently he was but Fulton's bailee, intrusted by Fulton to carry this note to Swain.   But the note itself never had any existence in McKee's hands by reason of such possession. The note was never delivered to him in the proper legal sense of delivery.   There was no consideration.

Now, can it be seriously contended that these facts could not be given in evidence under the general denial?   What is the legal tendency of the facts, admitting that they have any?   Evidently to establish: 1st, that the note was not delivered to McKee; 2d, that Mckee never gave any consideration for it.   But these two facts of delivery and consideration constitute McKee's *prima facie* case, and all of his *prima facie* case as alleged in the complaint; so that the legal tendency of all that is stated in the answer relative to McKee's possession of this note, is simply to contradict the two facts which constitute our *prima facie* case, which two facts are distinctly asserted in the complaint.

Suppose that the plaintiff had as a matter of fact put in a replication, this replication would clearly be but a reiteration by the latter

of his positive, direct allegations in the complaint.   If it is true as he says in the complaint that this note was given to him for one purpose and for a good consideration, it follows necessarily that it was not given him for another purpose, and without consideration. Suppose the plaintiff proves the allegations of the complaint that this note was delivered to him by Fulton for a consideration of three thousand dollars, does he not clearly disprove these facts which it is pretended constitute new matter?   Does he not prove that the note was not given by Fulton to him to give to Swain to secure a partnership debt?   Does he not show that it is false that the note was returned by Swain to McKee, paid and satisfied, and for the purpose of giving it back to Fulton?

*Waller & Moore*, also, for Appellants, argued that the allegations of the answer are not new matter, and cited *Piercy* v. *Sabin* (10 Cal. 22) ; *Glazer* v. *Clift* (10 Id. 303) ; *Bridges* v. *Hall* (13 Id. 640) ; *Schemerhorn* v. *Allen* (18 Barb. 29) ; *Gilbert* v. *Crane* (12 How. Pr. R. 455) ; *Rodde* v. *Ruckgaber* (3 Duer, 85) ; *Brogil* v. *Isham* (2 Kernan, 17) ; *Conger* v. *Johnson* (2 Denio, 96) ; *Brown* v. *Archer* (1 Hill, 266) ; Van Santvoord's Pl. 453 ; 1 Monell's Pr. 560.

*Henry B. Janes* and *Gregory Yale*, for Respondents.

The allegations of the answer were new matter.   1st. By the rule at common law.   (1 Chit. Plead. *507.)   2d. By the provisions of the Practice Act.   (Civ. Prac. Act, sec. 46 ; *Bridges* v. *Paige*, 13 Cal. 641.)   And 3d. By the rule in chancery.   According to equity practice, " When the case is heard upon the bill and answer alone, the answer must be taken as true, whether responsive to the bill or not."   (2 Dan. Ch. Prac., top page 1021, note 2, commencing on page 1019, and numerous cases cited.)   *Dale* v. *McEvers* (2 Cowen, 118, Court of Errors) is among the authorities cited.

To avoid the foregoing conclusions, elaborate arguments are filed in support of the proposition :—that the matter in this answer, which is relied upon as constituting " new matter," is simply in direct contradiction with two specific material allegations of the

complaint; that it only amounts to a circumstantial denial of the delivery of this note and mortgage by Fulton to McKee, and that McKee gave Fulton any consideration therefor.

The error in this proposition is that it entirely mistakes the defense set up in the answer. The allegations of the answer are not a denial of the consideration and delivery of this note and mortgage, but that facts arose subsequently to their execution and delivery which avoid their effect, and discharge them, which facts are specifically pleaded and not put in issue by plaintiff.

From the averments of the answer it appears that the indebtedness to be secured was (as between Fulton & McKee) an individual liablility of McKee, but Fulton was also liable for it as a member of the firm of McKee & Co.

Fulton assumed this indebtedness of McKee's, upon the agreement by McKee to release him, Fulton, from the terms of a contract then subsisting and in operation between them; in other words, instead of repaying the advances of money which McKee was then making to him, he, Fulton, might repay such advances in the value of this note and mortgage to the extent of three thousand dollars, i. e., the note and mortgage were accepted as a substitute for such purchases, Fulton being released from his contract of partnership to that extent. The creditor of the firm offered a forbearance upon the indebtedness to them, which was accepted by Fulton & McKee.

Monell says: "Under it (the general issue) the plaintiff may show anything which goes to establish that at the commencement of the suit, the plaintiff had no subsisting cause of action. These facts, which may thus be shown, must have existed, at the time the contract was made, or the alleged cause of action arose, for if they arose subsequently, it is new matter, and must be specially pleaded." (1 Monell's Practice, 564.)

Allegations in the pleadings made subsequent to the declaration, and which do not go in denial of what is before alleged, are new matter. (Gould Pl. 3, sec. 195; Chitty's Pl. 538.) When the defendant seeks to introduce into the case a defense which is not disclosed by the pleadings, it is new matter. (*Bridges* v. *Paige*, 13 Cal. 641.) A defense which concedes that plaintiff once had a

Goddard *v.* Fulton.

cause of action, but insists that it no longer exists, is new matter. (*Piercy* v. *Sabin*, 10 Cal. 27.)

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This is an action to recover the amount of a promissory note, and to foreclose a mortgage given as security. The complaint alleges that the defendant, Fulton, being indebted to Redick McKee in the sum of $3,000, made a promissory note for that sum, dated July 3d, 1856, and payable to said McKee, or order, six months from date, and delivered the same to the said McKee, who then and there became the legal owner and holder thereof, whereby the said defendant became liable to pay the same to the said McKee, or to his order, according to the tenor and effect of the said note ; that a mortgage was executed and delivered as collateral to the note ; that on the fifteenth day of March, 1860, the said McKee, being still the owner and holder of said note and mortgage, and the money remaining due and unpaid, the said McKee, for value, sold and assigned said note and mortgage to the plaintiff.

Fulton, by answer, denies that he was indebted to McKee in any sum ; and denies that being indebted he made the said note ; and denies that McKee ever was the legal owner or holder of the said note, " except as hereinafter stated ;" and denies that he became liable to pay said note to McKee or his order ; and denies that on the fifteenth day of March, 1860, McKee was the owner or holder of said note, or that there was anything due on said note ; and denies, upon information and belief, that plaintiff paid value for the pretended assignment ; and denies that the plaintiff, by virtue of said pretended assignment, became the owner or holder of said note ; and denies that the amount of the said note remains due or unpaid, or that he is justly indebted thereon to the plaintiff. And then the answer proceeds : " Further answering, he says," stating in substance that he, Fulton, made the note and mortgage at the request of McKee, to be placed by McKee in the hands of one Swain as security against certain debts due by McKee and Fulton, and to be returned to him, Fulton, when these debts were paid ; that these debts having been subsequently paid, he applied to

McKee to have the note returned and the mortgage canceled, and that in pursuance of such application McKee procured Swain to redeliver to him the note, and execute a satisfaction piece of the mortgage; and that he, Fulton, supposed said note and mortgage had been duly canceled by McKee, until several years after, when he learned that McKee had omitted to cancel them.

There was a separate answer, setting up a counter claim, and answers by some other defendants.

The answers of Fulton were filed on the tenth day of September, 1860, and on the fifteenth day of the same month a stipulation was made between the parties, containing, besides other matter, the following: "And it is further stipulated and agreed that this action be referred to Lewis Aldrich, Esq., to try all the issues, and to report a judgment thereon, the cause being now at issue upon the complaint and answer on file, and to be tried thereon."

When the action came on to be tried before the referee, he decided that there being no replication filed, the special affirmative matters set forth in the answer of Fulton must be deemed to be admitted, and did not require to be proved, and that as they constituted a defense he was entitled to judgment, which was accordingly reported in his favor.

On this appeal the plaintiff insists:

1st. That the affirmative matters set forth in the answer of Fulton are not "new matter."

2d. If they are to be treated as new matter, a replication was waived, and an issue joined upon them by operation of the stipulation.

Section forty-six of the Civil Practice Act provides that the answer shall contain: first, a denial of the allegations of the complaint; second, a statement of any new matter or counter claim constituting a defense. The denial and the new matter are thus treated as different defenses. If what is claimed as new matter is in effect only a denial of the allegations of the claimant, it is not new matter within the meaning of the Practice Act. The circumstance that the answer consists of affirmative allegations, instead of a direct negative of the allegations of the complaint, does not determine that it consists of new matter. Thus, in the case of *Frisch*

v. *Caler,* (*ante,* 71) recently decided by this Court, an answer averring payment of the promissory note, which was the cause of action, was held not to be new matter; because, although it was an affirmative allegation, its effect was only a denial of an essential allegation of the complaint, to wit: the non-payment of the note. The Court says: "Whether matter is new or not must be determined by the matter itself, and not by the form in which it is pleaded, the test being whether it operates as a traverse or by way of confession and avoidance." If the answer, either directly or by necessary implication, admits the truth of all the essential allegations of the complaint which show a cause of action, but sets forth facts from which it results that, notwithstanding the truth of the allegations of the complaint, no cause of action existed in the plaintiff at the time the action was brought, those facts are new matter. But if those facts only show that some essential allegation of the complaint is not true, then such facts are not new matter, but only a traverse. In the case of *Gilbert* v. *Cram* (12 How. Pr. R. 455) the complaint averred a sale of goods, and that the defendant "*is now* indebted to the plaintiffs" therefor. The answer averred that the sale was upon a credit of six months, and that the credit had not expired. It was held that the answer did not contain new matter, the facts only amounting to a denial of the allegation in the complaint that the defendant *is now* indebted. (See, also, the cases of *Stoddard* v. *Onandago Annual Conference,* 12 Barb. 573; *Sawyer* v. *Warner,* 15 Id. 282; *Conger* v. *Johnson,* 2 Denio, 96; *Brown* v. *Archer,* 1 Hill, 266.)

In this case, the note was transferred to the plaintiff several years after it was by its terms payable. The plaintiff, therefore, has no other cause of action than such as McKee had, and the complaint necessarily avers a cause of action in McKee on the note. The facts set up in the answer show that McKee never had a cause of action against Fulton on the note. They do not, directly or impliedly, admit that McKee ever had a cause of action. The note was not delivered to him as a valid instrument that could be enforced by him. Nothing occurred after the note was placed in McKee's hands to give him a right of action upon it, and nothing has occurred to discharge such a right of action, if it ever existed.

Goddard v. Fulton.

For anything alleged in the answer, if McKee ever had a right of action on the note, he or his assignee has it still. The complaint alleges that Fulton, for value received, promised to pay McKee $3,000. This allegation shows the cause of action, and was indispensable to be alleged. The facts set up in the answer show that this allegation is not true, and this is all they show. The answer, therefore, is a traverse, and not a confession and avoidance.

The error which has occurred in this case has, perhaps, arisen from considering that the note, when produced, would alone prove a cause of action, and that hence an answer which impliedly admitted the signing of the note, and placing it in the hands of the person to whom it was by its terms payable, confesses a cause of action. But the note is only *evidence* of the fact of delivery. It is not conclusive. Under an issue formed by a direct denial of delivery, the note in the hands of the plaintiff would prove his case; but the defendant, under his denial, would be at liberty to show that it came to the plaintiff's hands in some other way than by delivery to him as a valid contract. In other words, the defendant could prove, under a direct denial of the plaintiff's allegation of delivery for value, the very facts that he has specially set up in his answer.

The counsel in their arguments have treated the special matter set forth in Fulton's answer as constituting a defense separate from the denials by which it is preceded. In fact, the denials and special matter are pleaded as parts of one defense, the special matter being nothing more than an explanation of the preceding denials, and showing how it occurred that the note was made, and placed in McKee's hands without having been delivered as a contract. We have not treated this circumstance as material, and have considered the effect of the special matter as if it had been set up as a separate defense; but it indicates that the pleader, when interposing his answer, understood the law of pleading, in this particular, as we have found it to be.

We conclude, therefore, that the special matters set up in the answer of Fulton were not new matter within the meaning of the Civil Practice Act, and did not require a replication to prevent their being taken as true, and deemed proved at the trial.

Our determination upon this point renders it unnecessary to consider the effect of the stipulation.

Judgment reversed, and cause remanded for a new trial.