JAMES B. WAKEFIELD, Plaintiff in Error, *vs.* SPIER SPENCER, Defendant in Error.

ERROR TO THE DISTRICT COURT OF SCOTT COUNTY.

This Court will not review on writ of error an order striking out a demurrer to a reply as frivolous. Such orders are only reviewable on appeal.

The giving of a promissory note is *prima facie* evidence of an accounting and settlement of all demands between the parties, and that the maker was indebted to the payee upon such settlement to the amount of the note.

Whare it appears from the pleadings that the Defendant gave his note to the Plaintiff after the date ot a counter claim for work and labor, which the Defendant sets up in his answer, and the answer also contains an allegation that the sum due the Defendant for the work and labor has not been paid, the presumption of payment arising from the giving of the note is rebutted,

Points and Authorities of Plaintiff in Error.

This action was brought by the Plaintiff below upon three promissory notes.

Defendant below answered, setting up a counter-claim for labor and service done and performed by Defendant for Plaintiff, as his agent, prior to the making of two of the notes, alleging the value thereof to be more than the amount claimed by Plaintiff.

Plaintiff replied, 1st, by denying " each and every allegation of new matter set forth in said answer." 2nd, by setting up a settlement and liquidation of the counter-claim in avoidance thereof.

The Defendant below demurred to that part of the reply alleging such settlement.

The Court below, upon Plaintiff's motion, struck out the demurrer as frivolous, and thereupon rendered judgment for Plaintiff below upon the pleadings.

The Plaintiff in Error insists that the Court erred in the several determinations, as shown by the record :

1st. In striking out the demurrer as frivolous.

The rule is, that the Court will not strike out a demurrer as frivolous, unless it clearly appears to be taken for the purpose of delay, or unless the grounds stated in it are clearly untenable. Its insufficiency as a pleading must be so apparent that the Court can determine it upon bare inspection without argument. *Sixpenny Savings' Bank, vs. Sloan et al.*, 12 *H. P. R.*. 543.

But the demurrer was not frivolous. The reply first denies each and every allegation of new matter pleaded in the answer. Thus forming a complete issue as to the truth of the answer.

And, secondly, the reply sets up the settlement and accounting which, were it not for the issue already formed, might, perhaps, be considered matter in avoidance ; but if the denial be true, and the services alleged in the answer were never performed, then the allegations in the reply of a " settlement and accounting of all matters between the Defendant and

Plaintiff," did not include the services alleged, and was an accounting of other matters not pertinent to anything alleged in either of the pleadings, and is, therefore, irrelevant, and being the entire affirmative averment of the reply, is demurrable *Van Sand. P.*, 2d ed., 722, *and cases therein cited.*

2d. The Court below again erred in rendering final judgment for the Plaintiff below upon the pleadings, the Defendant below having pleaded a counter-claim, and averred that no part thereof had ever been paid, had a right to have the issue thus tendered submitted to a jury.

Points and authorities of Defendant in Error.

I.—The Plaintiff in Error has mistaken his remedy in supposing that this Court will, upon a writ of error sued out to review a judgment, review the order of the Court below in this action, striking out demurrer of Plaintiff in Error to reply of Defendant in Error. *Coit vs. Waples & Zircle*, 1 *Min.* 140, *and cases cited*; *Baker vs. The Sandusky Bank, Ibid*, 316; *Comp. Stat., chap.* 71, *p.* 621, *sec.* 11, *as amended in Sess. Laws of* 1861. *p.* 133.

The only question that is properly before this Court is, was error committed by the Court below, in granting the motion of the Plaintiff below, for judgment upon the pleadings ?

II.—The demurrer was frivolous, in that it was clearly and palpably untenable. *Van Sand. Pl.*, 2d *Ed*, 730; 2 *Code R.* 2, 76; 4 *How. P. R.*, 413; *Van Sand. Pl.*, 721, *and cases cited*; *Van Sand. Pl.*, 624; 9 *How. P. R.*, 568; 8 *How. P. R.*, 242, *Van Sand. Pl.*, 626.

III.—The demurrer was frivolous, in that it was interposed merely for the purpose of delay. *Van Sand. Pl.*, 727.

IV.—The demurrer was frivolous, in that the reply was strictly in accordance with the established rules of pleading. *Sec.* 75, *p.* 541 *Comp. Stat.*

V.—The motion to strike out said demurrer as frivolous, and the order granting the same was made under *Chap.* 72, *Comp. Stats*, *p.* 627, relating to motions, and *sec.* 74, *p.* 541, *Comp. Stat.*, relating to sham answers and frivolous demurrers. *See,*

*also Slocum vs. Wheeler*, 4 *How. P. R.*, 3, 73; 8 *How. P.R.*, 146; *Ibid*, 205; *Ibid*, 234; *Van Sand. Pl.*, 622-3.

VI.—The answer of Plaintiff in Error shows that Defendant in Error is entitled to judgment for the amount claimed in the complaint.

The Defendant's (below) answer admits each and every allegation of Plaintiff's (below) complaint.

The date of the two notes executed by Defendant, Wakefield, to Plaintiff (below) and the complaint shows that they were "executed and delivered several months subsequent to the date of the alleged services which are set up as a counter-claim to Plaintiff's demand."

VIII.—The giving of a promissory note is *prima facie* evidence of an accounting and settlement of all demands between the parties, and that the maker was indebted to the payee upon such settlement, to the amount of the note. *Lake vs. Tysen*, 2 *Selden*, 461; 5 *Denio*, 304; 15 *How. P. R.*, 219.

IX.—The allegation of nonpayment of counter-claim by Defendant, below, contained in the answer, is inconsistent with his admission of Plaintiff's cause of action. 5 *Minn*. 119.

The said allegation of nonpayment is controlled by his admission of the making and delivery of the notes, and indebtedness thereon, subsequent to the day of the last performed services set forth as a counter-claim. 6 *How. P. R.*, 59; 8 *How. P. R.*, 365, 3 *Minn.*, 119. The same principle is also recognized in *Bergfield vs. McClung*, 4 *Minn.*, 148.

Brown & Baxter, Counsel for Plaintiff in Error.

John L. MacDonald, Counsel for Defendant in Error.

*By the Court.*—Flandrau, J.—The order striking out the demurrer to the reply cannot be reviewed on writ of error. *Coit vs. Waples & Zirkle*, 1 *M. R.*, 134. If the Defendant desired to review any order made in the progress of the case prior to judgment, he should have appealed. In an appeal from a judgment, this Court may review any intermediate order involving the merits, and necessarily affecting the judg-

ment. *Comp. Stats.*, 621, *sec.* 7. A writ of error does not reach such orders.

Was the Plaintiff entitled to judgment on the pleadings? The complaint is upon three promissory notes, the last two of which bear date August 17, 1861, and are given by the Defendant directly to the Plaintiff. The answer admits the execution of these notes by omitting to say anything about them, and, as a defence to the complaint, sets up a counter claim for work and services performed before the execution of the two notes to the Plaintiff, and alleges that such work and services are worth a sum exceeding the Plaintiffs' demand, and that no part of it has ever been paid. The Plaintiff replies a general denial. Also a settlement of all matters between Plaintiff and Defendant on the 17th of August, 1861, the day of the date of the two notes, and that said two notes were given for the balance found due the Plaintiff on such settlement.

The right of the Plaintiff to judgment on the pleadings, depends upon the sufficiency of the answer. The Plaintiff claims that the giving of the two notes to him by the Defendant, after the time when he claims the Plaintiff was in his debt for the work and services, is an admission that such services had been settled for. There is no doubt that the giving of a promissory note is *prima facie* evidence of an accounting and settlement between parties, and that the maker was indebted to the payee upon such settlement to the amount of the note. *Lake vs. Tyson,* 2 *Seld.,* 461. But this presumption is only *prima facie,* and may always be explained and rebutted. People seldom give notes to others unless they are indebted to them; hence the presumption. Yet there may be cases where notes are given, notwithstanding the payee may be indebted to the maker. It may be by design, or by mistake; in either case the facts may be shown, and the debt set off against the note. Where the two facts stand alone, of an indebtedness by one person to another, and the creditor subsequently giving his note to the debtor, courts will presume the debt paid, and the former creditor become the debtor to the amount of the note, and if this state of things should appear in a pleading, it would entitle the Plain-

tiff to judgment without further proof. But such is not the case in the Defendant's answer. He admits that he made the notes to the Plaintiff at the time he claims the Plaintiff was his debtor, but to repel the presumption that would follow of his debt having been paid, he distinctly alleges that no part of the sum owing him for his work and services has ever been paid. What more could he say ? To detail the whole transaction out of which the notes were given, and allege that he had forgotten that the debt existed when he gave them, or that the amount was unsettled, or any other reason why it was not then offset, would be bad pleading ; it would be setting out the reason for, and evidence of the fact, and not the fact itself, which simply is, that the debt was not paid when the notes were given. We think the answer is good, and the judgment should be reversed. The Defendant is entitled to have his offset tried. New trial awarded.

So ordered and adjudged.