PHILIP McARDLE

*v.*

MICHAEL McARDLE.

*Held*—1. That when it *clearly appears* on the face of the complaint that an action is barred by the statutes of limitations, a demurrer will lie on that ground.

2. When no objection is taken to the complaint on this account, until the case is called for trial, or until after verdict or judgment, the objection will not be allowed unless the complaint conclusively shows that the action is barred.

3. When a plaintiff in his complaint alleges that the promissory note sued upon has not been paid, an averment in the answer of the payment of such note is not new matter requiring a reply.

The defendant asked the plaintiff, who was examined as a witness, on cross-examination, this question : "Have you more than one wife living at this time ?" *Held*, that it was a matter resting in the sound discretion of the Court to admit or exclude the answer.

The plaintiff alleges that the defendant was indebted to him in divers sums prior to the 23d day of November, A. D. 1864, and that on that day the defendant for value received made and delivered to him (plaintiff) his promissory

note for a sum less than the amount of the prior indebtedness.   Plaintiff also alleges that no part of the several debts contracted prior to the making of said note has been paid.   *Held*, that from these allegations the presumption arises that said promissory note was given on a settlement and in payment of the pre-existing indebtedness.

This is an appeal taken by the defendant from a judgment of the District Court for Filmore county rendered against him. A full statement of the case appears in the opinion of the Court.

FRANCIS BEVERIDGE for Appellant.

I. The judgment of the court below is erroneous and should be reversed, in that it is predicated in part upon the first cause of action alleged in the complaint of the plaintiff. It appears upon the face of the complaint that said first alleged cause of action does not state facts sufficient to constitute a cause of action, for

First: It appears upon the face of the said complaint that the said first alleged cause of action grew out of a contract expressed or implied.

Second: It appears upon the face of the said complaint that the said first alleged cause of action accrued more than six years before the commencement of the action.

Third: It appears upon the face of the said complaint that the said first alleged cause of action contains no averments that take it out of the operation of the statute of limitations.   *Revised Stat.*, *chap.* 60, *secs.* 3, 6, 23, 24.

Fourth: All the old forms of action and rules of pleading are abolished by the code, and every action is now an action on the case, and the judgment must be *secundum allegata et probata.   Van Santford's Pleadings, Second Edition, pp.* 77, 78, 238, 249, 267, 268, 269, 274, 654, 655, 688, 746, 747; 7

McArdle v. McArdle.

*Howard P. R.*, 12; *1st Duer*, 601; 4 *Sand.*, 667; 5 *Sand.*, 558; 14 *John.*, 148; 1 *Hill*, 535; 4 *Barb. Ch. R.*, 477; 2 *Comstock*, 523; 2 *Duer*, 607; *same*, 627; 24 *Wend.*, 587; 7 *Paige*, 373; 3 *Barb. Ch. R.*, 477; 1 *Duer*, 253; 5 *Howard*, 14; 1 *Duer*, 309; 15 *Barb.*, 573; 2 *Selden*, 179; 9 *Barb.*, 158; 2 *Bibb.*, 14; 5 *Minn.*, 314; 7 *Cranch*, 389; 2 *Paige*, 280; 4 *Paige*, 364; 7 *Barb. S. C. R.*, 581; 2 *Selden*, 179; *N. Y. Court of Appeals, Dec. 2*, 1852.

II.—The judgment of the Court below is erroneous and should be reversed, for that it is predicated in part upon the second cause of action alleged in the complaint of the plaintiff therein. · It appearing upon the face of the said complaint that the said second alleged cause of action does not state facts sufficient to constitute a cause of action. Same points and authorities before cited.

III.—The Court below erred in denying the defendant's motion for judgment on the pleadings.

The motion was as follows: "The counsel for the defendant moved for judgment on the pleadings, on some of the causes of action set out in the complaint, on the following ground, viz:

On the fifth cause of action set out in the said complaint, on the ground that the answer of the defendant alleges payment of the promissory note set out in said complaint, to which allegation of payment defendant has not replied.

· On the first, second, third and sixth causes of action, set out in the complaint, on the ground that the fifth cause of action sets out the making of a promissory note by the defendant to the plaintiff, on the 23d day of November, 1864, at a period long subsequent, as appears by said complaint, to the time when the said first, second, third and sixth causes of action accrued, that the making of said note subsequent to the date of said causes of action is evidence of a settlement and makes a

*prima facie* case upon the .pleadings against the plaintiff as to said causes of action."

Which motions after argument of counsel were denied by the Judge presiding.

First: Same point made as before, viz: that all the old forms of action and rules of pleading are abolished by the code, and that the judgment must be *secundum allegata et probata.* Same authorities cited as before, and 2 *Selden,* 461; 5 *Denio,* 304; *Cowen and Hill's notes,* 296; 9 *Wend.,* 323; 15 *John.,* 479.

Second: The rules of pleading are now regulated by the statute, and the statute requires that new matter set up in the answer and not replied to, shall be deemed to be admitted for the purposes of the action.

IV.—The Court below erred in sustaining the objection of the plaintiff's counsel to the following question put by defendant to the witness, Philip McArdle, and excluding his answer thereto, viz: "Have you more than one wife living at this time ?"

For the question was proper and the evidence sought to be obtained material.

It was exclusively the privilege of the witness to decline answering the question, and the Court should so have instructed him. 19 *Wend.,* 192; 1 *Denio,* 281.

V.—The Court below erred in sustaining the objection of the plaintiff's counsel to the following question, put by defendant to the witness Bridget McArdle, viz: "At the time you were married did you know of his having another wife living ?" and excluding the answer of the witness to the question; for

First: The witness had just stated that she was the wife of Philip McArdle, the plaintiff, and principal witness.

Second: The question was proper as going to show her moral character, and as going to her credibility.

Third: It was exclusively the privilege of the witness to decline answering the question. Same authorities cited under point IV.

C. G. RIPLEY, for Respondent.

I.—If the defendant relied on the Statute of Limitation, he should have pleaded it.

Though it appear on the face of the complaint, that a cause of action accrued more than six years before the commencement of the suit, the defendant cannot demur for that cause, but must plead the statute in bar.  *Voorhies vs. Voorhies*, 24 *Barbour*, 150 ; *Angell on Limitations*, ch. 26, sec. 285; *Brickett vs. Davis*, 21 *Pick.*, 204 ; *Butler vs. Mason*, 5 *Abb.*, 40 ; 16 *Howard*, 546 ; *Voorhies Code*, 7th ed., p. 148, note b. sec. 142, sub 2; *Comp. stat.*, ch. 60, sec. 1, ch. 57, sec. 19, 20, p. 480. The complaint states a good cause of action, in both the counts objected to.

By answering, without pleading the statute, the defendant waives it.

II.—No such presumption arises upon the pleadings as that imagined by defendant in his 3d point, for, the allegation, as to each separate cause of action, that no part thereof had been paid was sufficient to rebut and remove any such presumption, if any such could otherwise have arisen. *Wakefield vs. Spencer*, 8 *Minn.*, p. 376, 380, 381. By not replying the plaintiff did not admit payment of the note referred to, for the plain reason that the complaint expressly alleges that it had not been paid.

III.—The foregoing considerations dispose of the defendant's 4th and 5th points.

IV.—The questions put to plaintiff and his wife, and ruled out, were properly excluded, because,

First : They were not within the range of cross examination at all. 1 *Greenleaf*, sec. 445.

Second : They assumed facts not proved. 1 *Starkie on Ev.*, pt. 2, sec. 20, p. 133, *of Am. ed* ; *McDonald vs. Evans*, 10 *Eng. Law and Eq.*, 484.

Third : They were irrelevant and incompetent. ˚ 1 *Greenl.*, sec. 51, 52, 458, 459 ; *Odeon vs. Winkley*, 2 *Gallison*, 51 ; *Clement vs. Brooks*, 13 *N. H.*, 92 ; *Comp. stat. ch.* 84, sec. 72 ; *State vs. Bilanskey*, 3 *Minn.*, 246 ; 5 *Grattan*, 664.

Fifth : Their rejection was within the discretion of the Judge, and affords no ground for a new trial. *State vs. Bilanskey* 3 *Minn.*, 246 ; 2 *G. on new Trials*, 691, 692, 693 ; *Sturne vs. Aybsworth*, 18 *Conn.*, 244 ; 5 *Grattan*, 664.

*By the Court*—Wilson, C. J.   The complaint in this action is as follows :

First—The complaint of the plaintiff shows, that on or about the first day of April, 1857, he lent defendant at his request, the sum of four hundred dollars, to be paid on demand, and that, though requested, defendant has not paid the same or any part thereof, except fifty dollars paid on or about the first day of April, 1864.

And for a second cause of action, plaintiff shows that on or about the 20th day of May, 1857, he lent defendant at his request, the sum of one hundred dollars, to be re-paid on demand ; that though requested, defendant has not paid the same, or any part thereof.

And for a third cause of action, the plaintiff shows that on or about the first day of May, 1860, plaintiff lent defendant at his request, the sum of three hundred dollars, to be re-paid

on demand ; that though requested, defendant has not paid the same or any part thereof.

And for a fourth cause of action, the plaintiff shows that at divers times prior to the first day of May, A. D. 1865, he delivered to the defendant the quantities of wheat, corn, potatoes, and moneys specified in the schedule hereto annexed, which were of the value, and for which the defendant prom- ised to pay him the sum of two hundred dollars ; that though requested, the defendant has not paid the same or any part thereof.

And for a fifth cause of action, the plaintiff shows that about the 23d day of November, 1864, the defendant by his promissory note dated said 23d day of November, 1864, in writing, for value received, promised to pay the plaintiff the sum of one hundred and nineteen dollars, on the first day of April, 1865, and delivered the same to plaintiff, and that the defendant has not paid the same or any part thereof.

And for a sixth cause of action, the plaintiff shows that from the first day of June, 1860, to the second day of July, 1861, he lived with, and worked and labored for the defend- ant, upon defendant's farm, at his request, and that defendant promised to pay him therefor, what the same should be reasonably worth, over and above this plaintiff's board and lodging ; and plaintiff avers that the same was so reasonably worth the sum of one hundred and seventy dollars ; that the defendant has not paid the same or any part thereof."

The answer denies each cause of action set up, except the fifth, and as to that alleges payment. The defendant claims that it appears upon the face of the complaint, that the statute of limitations has barred any action on the contract set out in the first or second count, and that the judgment being predi- cated in part on these counts, is erroneous. On the trial, the defendant's counsel moved the court for judgment on the

pleadings on some of the causes of action, on the following grounds, viz: on the fifth cause of action, on the ground that the answer alleges payment of the promissory note set out, to which allegation the plaintiff has not replied. On the first, second, third and sixth causes of action, on the ground that the making of the promissory note (mentioned in the fifth cause of action) subsequent to the date of said causes of action, is evidence of a settlement, and make a *prima facie* case, upon the pleadings, against the plaintiff, as to said causes of action. This motion was denied. The defendant's counsel also objected to the reception of any evidence to the other matters alleged in said counts. The defendant's counsel, on cross examination, asked the witness, Philip McArdle, this question: "Have you more than one wife living at this time?" to which the plaintiff's counsel objected, and the court sustained the objection. The correctness of these rulings, and the sufficiency of the first and second counts of the complaint, are the only questions that it is necessary for us to pass upon; all the other questions raised being involved in these.

It has been held by this court that when it clearly appears from the complaint that the action is barred by the statute of limitations, a demurrer will lie, on the ground that the complaint does not state facts sufficient to constitute a cause of action. If this is correct, it follows that the objection may be taken after judgment. It must be admitted that the presumption would seem to be that the statute has barred an action on the matter alleged in the first and second counts. This suit was commenced in September, 1865. The complaint states in the first count, that " on or about the first day of April, 1857," (and in the second count, that " on or about the 20th day of May, 1857,") the plaintiff loaned the defendant a certain sum of money, to be re-paid on demand. The cause of action accrued immediately on the loan of the money, and

by our law, the action was barred within six years. *In Miner vs. the Trustees &c.*, (3 *Barb., Ch. Rep.* 481,) the suit was commenced in August, 1844, and the bill alleges that certain persons obtained possession of the property in question, " *in or about the year* 1830." One question before the court was, whether the action was barred by the statute of New York, which provided that in such cases, action must be brought within ten years after the cause of action accrued. The cause of action in this case was the taking of the property. The objection was taken by demurrer. The chancellor in deciding that case used this language : " It does not distinctly appear that it (the taking possession of the property) was more than ten years before the filing of the complainant's bill, and to enable a defendant to take advantage of a statute of limitations upon demurrer, it must distinctly appear by the bill itself, that the complainant's remedy is barred by lapse of time." This case shows how strictly the court held that such objection must *clearly appear* in the complaint, to sustain a demurrer ; but when the objection is not interposed until after the issue is made up, and the cause called for trial, or until after verdict and judgment, it should not be allowed to prevail, if the proceedings can be sustained by any reasonable intendment ; for it may safely be presumed that when not made until this stage of the proceedings, it is purely technical, and can only be favored at the expense of substantial justice.

We think, in this case, that the complaint does not *conclusively* show that the action is barred, and therefore the objection should not be allowed. It is held that the giving of a promissory note is *prima facie* evidence of a settlement between the parties, and that the maker was indebted to the payee upon such settlement to the amount of the note. Whether the making of such note is also evidence that the maker is not, at the time, indebted to the payee in any greater

McArdle v. McArdle.

sum, it is not necessary for us to consider, for if such would be the legal presumption, the plaintiff has met and repelled it by a denial of payment of any part of the sum that was owing to him at the time of making the promissory note set out in the fifth count. *See Wakefield vs. Spencer*, 8 *Minn.*, 380.

When a plaintiff in his complaint alleges that the promissory note sued upon has not been paid, an averment in the answer of the payment of such note is not new matter requiring a reply; it is merely a proper mode of controverting an allegation of the complaint. An issue being thus made, a reply in such case is unnecessary. *Van Gieson vs. Van Gieson*, 10 *N. Y.*, 316.

The question asked the witness, Philip McArdle, was not relevant or material, but only collateral, and did not necessarily affect the credit due to his testimony. Under such circumstances, whether the answer was intended to criminate or only to disgrace him, it was a matter resting in the sound discretion of the court to admit or exclude it. There is no pretence that this discretion was abused, and therefore we have no right to review the ruling of the court below on this point. *See State vs. Batchelder*, 3 *Minn.*, 246; *Allen vs. Bodine*, 6 *Barb.*, 383; *Rex vs. Pitcher*, 1 *Car. and Payne*, 84 *and note;* 1 *Green. Ev.*, secs. 454, 455, 458, 459. All the other questions raised by the appellant are involved in those above considered.

The judgment below is affirmed.

McMillan, J.—I am unable to concur with my brethren in the position laid down in the foregoing opinion, that where it clearly appears from the complaint that the action is barred by the statute of limitations, it is a defect which may be taken advantage of after judgment. My opinion is, that

in actions of this character, the statute of limitations must be pleaded by a party seeking to take advantage of it.

Upon the other points in the opinion I concur.