# ALDEN *v.* CARPENTER.

(*Supreme Court of Colorado, December Term, 1883—Appeal from the District Court of Pueblo County.*)

1. PRACTICE—CONTINUANCE—ADMISSION OF AFFIDAVIT FOR. When an application for continuance is based upon an affidavit stating what it is expected to prove by an absent witness, the adverse party may admit that the witness if present would make the statements contained in the affidavit; upon such admission it is proper to overrule the motion for a continuance. The admission that the statements are true is not required. The election to admit may be made at any time prior to final ruling upon the motion.

2. SAME—MERE IRREGULARITY. A mere irregularity in the progress of the trial, working no injury, is not ground for reversal. For the Court, pending the consideration of a motion in the case, and which has been taken under advisement, to take up, try and render judgment in another case (being a divorce suit, in which there may have existed some elements of urgency,) amounts to no more than such irregularity.

3. PLEADING—DENIALS MUST BE SPECIFIC—WANT OF CONSIDERATION. Under the Colorado Code, a specific denial of each allegation in the complaint intended to be controverted is required; there is no such thing as general denial. Hence, in a suit upon a note, a want of consideration, in order to admit of proof, must be specially averred in the answer.

4. SAME—DENIAL IN AFFIRMATION FORM—WHEN NO REPLICATION NECESSARY. In such case, an averment in the answer that the note was made "without any good or valuable consideration whatever," is not new matter within the meaning of the Code, but is in effect no more than a simple traverse of the complaint, and need not be replied to, since the instrument in suit belongs to that class which imports a legal consideration, *prima facie*, and so it is unnecessary to aver consideration in the complaint. In suits upon instruments which do not import a consideration, or, where the defense is a failure of consideration, the rule is different.

STONE, J. Appellee brought suit against the appellant, E. K. Alden, and one A. L. Price, upon a promissory note, of which the following is a copy:

"$1,000. PUEBLO, COLORADO, January 5th, 1882.
"One month after date, we jointly and severally promise to pay to the order of A. V. Carpenter, one thousand dollars without interest, at the Stockgrowers National Bank, value received. ALDEN AND PRICE.
E. K. ALDEN,
A. L. PRICE."

The separate answer of Alden denies that he, or any authorized person for him, executed said note, and denies that the

said note was executed and delivered to plaintiff by the defendants.

The separate answer of Price alleges that the note was given without any good or valuable consideration whatever.

Defendant Alden filed an affidavit for continuance on the ground of the absence of a certain witness, by whom he expected to prove that said defendant below "authorized said Price to sign a note for the indebtedness to plaintiff, on the express condition that the said note should contain a provision for its renewal at the option of defendant, at maturity, and that this provision was afterwards omitted from the note when extended by said Price, as aforesaid, without Alden's consent." The motion for continuance was argued by counsel, and taken under advisement by the Court, and afterwards when the Court was about to announce its decision granting the continuance, the plaintiff offered to admit that the witness, if present, would swear to what was stated in the affidavit it was expected to be proved by him; whereupon, against the objection of defendant Alden, the Court allowed the offer of plaintiff and denied the continuance. This ruling of the Court was excepted to and is made one of the grounds of error, counsel for appellant objecting that the offer of appellee was not made in apt time. We see no error in this. ruling of the Court. Such offer is a privilege of the party against whom the continuance is sought, and the allowance of the offer as made is within the discretion of the Court, and we see no good reason why such discretion may not be exercised as well after the Court has decided that the evidence is material, as when the motion is first made. It certainly would be unreasonable to expect that a party would admit the assumed testimony while he was at the same time contesting the insufficiency of the grounds for continuance. It is only when he knows that the continuance will otherwise be granted, that such adverse party has any reason for admitting the supposed testimony sought by the continuance. The ruling of the Court below was in accordance with the provisions of Sec. 158 of the Civil Code Practice.

Another point made by counsel for defendant is, that the offer of plaintiff should have been to admit the truth of the supposed testimony, and not merely that the absent witness.

would swear to the same if present. For the same reason, error is assigned to the ruling of the Court in allowing plaintiff, on the trial, to introduce evidence contradicting the admitted testimony of the absent witness. There was no error in this. Admitting the testimony of an absent witness in order to avoid a continuance of the cause, is not to be taken as an admission of the truth of such testimony. Nor does such admission preclude the party admitting it from rebutting the same on the trial. *Boggs* v. *The M. N. Co.*, 14 Cal., 358; *Blakeman* v. *Vallejo*, 15 Cal., 639; *O'Neil* v. *N. Y. & C. Co.*, 3 Nev., 141; *State* v. *Geddis*, 42 Iowa, 264.

The principal authority cited in support of this assignment, is the case of *Supervisors, etc.* v. *M. & W. R. R. Co.*, 21 Ill., 368, where the Court below had held that such admitted testimony was liable to contradiction, and the Supreme Court, in passing upon the question, say: "We think, on principle, this view of the Court was correct, as all parol testimony should be open to contradiction and to rebuttal; but this Court, having at a very early day, (*Willis* v. *The People*, 1 Scam., 402) established a different rule, * * * adhered to up to this time, we do not feel justified in disturbing it."

Another ground of error assigned is, that since the plaintiff filed no reply to the separate answer of Price averring want of consideration for the making of the note, this averment must be taken as admitted to be true, and that as such defense extended to both defendants, the plaintiff was not entitled to judgment.

Two questions arise upon this assignment: First, could the defendant, Alden, who, by his own plea, had merely denied the execution of the note, claim the benefit of this separate plea of the defendant, Price? Second, was this plea one which required a reply?

As we think this last question must be answered in the negative, it is unnecessary to pass upon the first.

In assumpsit at common law, evidence of the want of consideration for the contract declared upon, was admissible under the general issue, and hence there was no necessity for the defendant's pleading it specially.

The practice, however, under which almost everything had come by degrees to be allowed as a defense under the general

issue in actions of assumpsit and debt, was materially changed by the rules of the English Courts, known as the Hilary Term Rules, under the Statute of 4 Wm. IV., for the purpose of preventing an abuse by which the plaintiff was frequently misled as to the special defense intended to be relied upon under the general issue; and for some such reason, probably, a statute of Illinois, under which decisions are found, required a want of consideration as well as a failure in whole or in part of the consideration in that class of contracts upon which the form of action referred to will lie, to be specially pleaded. The Statute of Colorado, of 1868, on the subject of bills and promissory notes, (Gen. Laws, Sec. 97,) provides that in actions upon notes, bonds, bills, etc., " it shall be lawful for the defendant, against whom such action shall have been commenced by the obligee or payee, to plead such want of consideration, or that the consideration has wholly or in part failed;" with certain provisions as to *bona fide* assignees.

In New York it is held that evidence of payment, release, accord and satisfaction, and such like defenses, is not admissible under a general denial, but must be specially pleaded, and this ruling is put upon the ground that the general denial under the code, is wholly unlike the general issue at common law. See the leading case of *McKysing* v. *Bull*, 16 N. Y., 297.

In California, however, in a suit upon a promissory note, where the complaint averred that the note was unpaid, and that there was due upon it a specified sum, it has been held that evidence of payment is admissible under the general denial. *Davanny* v. *Eggenhoff*, 43 Cal., 395.

This decision is based upon that in the case of *Frish* v. *Caler*, 21 Cal., 71, where the defense of payment was pleaded specially, to which plea there was no replication, and upon the question whether the want of such replication admitted the plea, the Court held that the plea amounted to a simple traverse of the amount in the complaint that the note was due and unpaid, and hence received no replication. See also, *McArdle* v. *McArdle*, 12 Minn., 98.

The question respecting the office and scope of a general denial in Code pleadings, does not arise in the case before us, since there is no such thing as a general denial in the Colorado Code, a specific denial being required to each and every alle-

gation in the complaint intended to be controverted. It was therefore proper, under the requirements of the Code, and in accordance with the provisions of the statute before referred to, respecting suits upon bonds, bills and promissory notes, to plead the want of consideration by specific averment. But, although an affirmative averment that the note was made "without any good or valuable consideration whatever," can it be taken to amount to more in effect than a simple traverse of the complaint? True, it is not a denial of any specific allegation in the complaint, but the instrument in suit, being one of a class which imports a legal consideration, *prima facie*, it was not necessary to aver the consideration in the complaint.

The consideration of a contract is but the inducement for the obligation. It stands upon a different footing from a failure of consideration, which must always occur subsequent to the making of the contract, and which, if pleaded as a defense, may well be regarded as new matter in avoidance of the original cause of action, and calling for a reply. "If a cause of action has once accrued, or existed, and has been satisfied or defeated by reason of something which has occurred subsequently, that is new matter, which must be pleaded in order to render it competent as evidence." (*Evans* v. *Williams*, 60 Barb., 345.) In actions upon contracts which do not import a consideration, where the consideration must therefore appear in the complaint, a denial in the answer of such averment forms a complete issue, and hence needs no reply where the consideration is implied, as in this case; the implication stands in the place of the alleged consideration in the other class, and an answer averring want of consideration, is in effect but a denial of this implication; hence, no reason is perceived, upon principle, why, under such denial, as complete an issue is not formed in the one case as in the other. In the one case the answer is a traverse of the expressed, and the other a traverse of the implied consideration, and a replication would be merely "a traverse upon a traverse." (Stephen on Pl., 197). In the case of *Goddard* v. *Fulton*, 21 Cal., 430, in construing the nature and effect of code pleadings in a case involving substantially the same question as the one before us, it was laid down that where the allegations of an answer, although stated in an affirmative form, are in effect only a denial of the allegations of the com-

plaint, they do not constitute new matter, within the meaning of the practice act; and, therefore, where an answer to a complaint in the usual form on a promissory note, admitted the making of the note, but averred that it was made not on account of any indebtedness between the parties, but for the purpose of being used as collateral security for a debt due a third person from the maker and payee jointly; that the joint debt was subsequently paid, and that the note, having thus become *functus officio*, should have been cancelled, but through fraud was taken and held by the payee, and by him transferred to the plaintiff without consideration, it was held by the Supreme Court of that State that these allegations in the answer were not new matter, which was admitted by a failure to reply; that their only effect was to deny that any obligation of the character stated in the complaint was ever created by the signing of the note, and thus to traverse its essential allegations. In other words, these averments of the answer were deemed to be a mere traverse of the implied consideration of the note sued upon. We are aware that in the numerous discussions of similar vexed questions arising upon the construction of pleadings under the code system, conflicting views are held by text writers and courts of different States, from some of which, conclusions are found opposed to that reached by us upon the point under consideration; but upon both principle and authority we feel warranted in holding that the averment of the answer in question amounts to no more than a denial or traverse of the obligatory character of the note as set out and counted upon in the complaint, and which needed no reply in order to form an issue, and a failure to reply was therefore no admission of the truth of such denial.

It is also assigned for error, that pending the consideration of the Court upon a motion made in the case, and which the Court had taken under advisement until a subsequent day, said Court allowed another case to be called up, heard the same and rendered judgment therein. This was no sufficient cause for assignment of error. It was at most a mere irregularity which could not have prejudiced the appellant in the least. The trial in this case was had to the Court without the ntervention of a jury, while the *ad interim* proceedings in

the other case, as appears from the bill of exceptions and briefs of counsel, were for the purpose of decreeing a divorce between one George Crummy and Mary his wife; a matter which was probable treated as of no unusual importance, and the case possessing, we may suppose, some elements of urgency since it occupied the attention of the Court but a small part of one day. However much such irregularities in the mode and order of proceedings by a trial Court are to be condemned when they operate to delay pending trials or prejudice parties therein, they may at other times be inevitable, or even in furtherance of justice, but at all events, are matters of procedure within the sound discretion of the Court, and not assignable for error, fatal to a judgment rendered, unless an abuse is shown such as has prejudiced or deprived a party of some right affecting the fairness and verity of the judgment.

The foregoing are all the alleged errors that need be noticed.

*Judgment affirmed.*

*John M. Waldron* and *T. T. Player*, for appellant.

*Patton & Urmy*, for appellee.