# NENZEL v. ROCHESTER SILVER CORPORATION

No. 2756

October 5, 1927.                    259 P. 632.

1. WATERS—WATER RIGHTS SUBJECT TO UNLAWFUL DETAINER.
    Water rights are the subject of unlawful detainer, under Rev. Laws, 5588, since they are "realty," as the relation of landlord and tenant can exist as to them.

2. APPEAL AND ERROR—SUBSTITUTION OF PARTIES.
    Where at the former trial of the cause the complaint was amended by substitution as to the parties plaintiff, but the record of appeal from the second trial contained no order, objection, ruling, or exception relative to such substitution of parties, error could not be predicated on the substitution.

3. APPEAL AND ERROR—AMENDMENT OF COMPLAINT.
    Appellant's allegation of error in the trial court's permitting an amendment of the complaint as to parties plaintiff at a former trial of the cause was disregarded, in view of Rev. Laws, 5066, as supertechnical and without substantial justice.

4. APPEAL AND ERROR—AMENDMENT OF COMPLAINT.
    Where the defense in a landlord's action to recover possession of certain water rights was that no notice to quit had been given, though the complaint admitted alleged notice and the answer admitted the allegations to be true, the right to amend on the second trial of the cause so as to deny notice was properly denied.

5. APPEAL AND ERROR—COMPLAINT HELD SUFFICIENT.
    In an action to recover possession of certain water and water rights, the complaint was held sufficiently specific and certain, where first attacked on review.

C. J.–CYC. REFERENCES

APPEAL AND ERROR—3 C. J. sec. 708, p. 787, n. 77; 4 C. J. sec. 1654, p. 68, n. 75; sec. 3196, p. 1170, n. 34; sec. 3274, p. 1224, n. 9. PLEADING—31 Cyc. p. 264, n. 9.
WATER RIGHT—40 Cyc. p. 541, n. 29A; p. 764, n. 98.

APPEAL from Second Judicial District Court, Washoe County; *L. O. Hawkins*, Judge.

Action by Joseph F. Nenzel and others, trustees for the Mineral Production and Refining Companies, against the Rochester Silver Corporation and another. From a judgment for plaintiffs and an order denying a new trial, defendants appeal. **Affirmed.**

*C. H. McIntosh* and *Jno. F. Kunz*, for Appellants:

Lower court having found relation of landlord and tenant and privity of contract did not exist could enter

no judgment whatsoever. It specifically found defendants were entitled to use of water under agreement between Nenzel and Nenzel Crown Point Mining Co., rights thereunder having been assigned to defendant, and payment made. To be guilty of unlawful detainer, one must be tenant. Rev. Laws, 5588, as amended, Stats. 1917, 31.

Relation of landlord and tenant as to incorporeal hereditament cannot exist. Remedy of plaintiffs, if they had one, was in equity. Agreement was to furnish specific thing, water. Lease could not have been entered into, and could not be pleaded. All water belongs to state. When necessity for use does not exist, right to divert ceases. 3 Rev. Laws, p. 3225; Burgman v. Kearney, 241 Fed. 896.

Substitution of parties plaintiff was error; they could not maintain action, and court erred in denying defendant leave to amend answer after substitution. Notice must be given before action in unlawful detainer can be commenced. Record shows original parties plaintiff were not trustees when notice was served or at all. They therefore could not maintain action.

Right to water does not pass by deed where right rests on parol license or permission only. 40 Cyc. 757.

*Wm. McKnight* and *M. B. Moore,* for Respondents:

All authorities agree that a water right is real property. Kinney on Irrigation (2d ed.), 1328; Wiel (3d ed.), 298.

Amendment of complaint was granted under express provisions of Rev. Laws, 5084.

Notice to pay rent or surrender possession, served upon defendants, is sufficient. Rev. Laws, 5588, as amended, Stats. 1917, 31. Technical nicety is not required. Houghton v. Potter, 23 N. J. Law (3 Zab.), 388.

Defendant, by litigating other matters involved without raising objection as to form or sufficiency of notice, cannot now object that proper notice was not served. Wolfer v. Hurst, 47 Ore. 156.

## OPINION

By the Court, COLEMAN, J.:

This action was instituted to recover the possession of certain property and for damages. From a judgment in favor of the plaintiffs and an order denying a motion for a new trial the defendant has appealed. Defendant Patterson having been a nominal party, who seems to have played no part in the case, the parties will be referred to as plaintiffs and defendant, as in the trial court.

The action was originally brought in the name of Joseph Nenzel, A. H. Cutter, and D. V. Mahoney, as trustees for the Mineral Production and Refining Companies. Upon the first trial the complaint was amended so as to substitute Ora Nenzel and Fred· L. Miner in the place of Cutter and Mahoney.

Paragraph 3 of the complaint alleges:

"That ever since January 3, 1921, the plaintiffs have been, and now are, the owners and entitled to the possession of that certain water and water right situate in South American Canyon in NE¼ of NE¼ of section 22, township 38 north, range 34 east, Mt. Diablo base and meridian, in Pershing (formerly Humboldt) County', Nevada, more particularly described in permit No. 4259 issued by the state engineer of the State of Nevada, on the 8th day of May, 1917, and on file in said office, reference to which permit is hereby made for all the particulars thereby shown, together with the pumping plant, pipe lines, tank, and other equipment on the ground upon which the same is situate, together with the mining claims known as and described as 'Cotton Tail' lode mining claims, used in the diversion of the water described in said permit."

Paragraph 4 alleges that the plaintiff's acquired title to the property mentioned on January 3, 1921, and that the defendant at that time was in possession of said property pursuant to an oral lease, at a monthly rental of $30, which expired at the time the plaintiffs became the owners thereof.

The complaint further alleges that upon becoming the owners of said property the plaintiffs notified the defendant that the monthly rental thereafter would be $200; that the defendant had not paid the amount incurred under said monthly rental nor any part thereof except the sum of $180; and that there was due and owing the sum of $3,420.

It is further averred that on July 18, 1922, demand in writing was made of the defendant by the plaintiffs for the payment of said sum or that they surrender the possession to the plaintiffs within three days, but that the defendant neglected to pay said rent or to deliver over the possession of said premises. The complaint also charges that the defendant held over and continued in possession of said premises without the permission of the plaintiffs.

The prayer of the complaint was for possession of the premises, for rent due in the sum of $3,420, damages in the sum of $4,800, and that said damages and rent be trebled, and for costs.

The defendant filed an answer to the complaint, wherein it denied the alleged ownership and right of possession in the property described in the complaint. It admits that on the 3d day of January, 1921, and prior thereto, it was in possession of the water and water right described, but denied that it was in such possession pursuant to an oral agreement which expired at the time the plaintiffs became such owners, or at all.

The answer further denies all indebtedness; denies that it was notified that the monthly rental would be $200; admits a demand for the payment of rental or the surrender of the property, admits that it neglected and refused to pay at the rate of $200 monthly or to surrender the premises; denies all allegations of the complaint as to amount due, damages, and unlawful holding over.

For affirmative defense to the complaint the answer alleges that on March 27, 1917, Joseph Nenzel, one of the plaintiffs, claiming to be the owner of the water rights mentioned in the complaint, entered into an agreement

with the Nenzel Crown Point Company to furnish it with the water and water right mentioned, for a period of five years, with the privilege of renewal for a like period, in consideration of the payment of the monthly sum to cover the cost of operation, together with interest on invested capital; that pursuant thereto the said Nenzel did begin and continued to furnish water from said source to said Nenzel Crown Point Mining Company; that thereafter, and on or about June 1, 1919, and while said Nenzel was furnishing water to said Nenzel Crown Point Mining Company, the said company duly assigned to the defendant the Rochester Silver Corporation its rights under said contract and agreement, and that thereafter the said Nenzel ratified and approved said assignment; that thereafter the defendant company, within the five-year period mentioned, did notify the said Nenzel in writing of its determination to exercise its right of renewal for a five-year period of said contract, and thereafter made various and sundry improvements necessary and incident to the enjoyment of said contract, without objection on the part of any of the plaintiffs, though fully aware of such expenditures being made.

The reply to the affirmative defense admits that Nenzel entered into an agreement with the Nenzel Crown Point Mining Company as alleged for the use by it of the water in question, but it denies the assignment thereof to the defendant company.

The court made specific findings to the effect that the plaintiffs were the owners of the property described in the complaint and had been such owners since January 3, 1921, and entitled to the rent since May 27, 1921; that the property in question was surrendered up to the plaintiff on June 30, 1923, after this suit was brought; that theretofore the defendant had held the property described in the complaint under lease at the rate of $30 per month; that defendant was in arrears in payment of rent on July 18, 1922; that demand was made on that date for the payment or the surrender of the property within three days; and that defendant did not

make such payment or offer to pay any part thereof, or surrender said property within the time stated.

The court found also against the contention that the rental had been raised to $200 per month. The court further found that on July 18, 1922, the defendant owed as rental the sum of $239.45; that not having paid said rental or surrendered the possession of said premises, except as above stated, the defendant became guilty of the unlawful detainer of said property, which continued until the 30th day of June, 1923, and the amount due as rental remaining unpaid is the sum of $598.70. The court also found that the plaintiffs had sustained damages in the sum of $1,785. Judgment was rendered in accordance with the findings in favor of plaintiffs.

The first contention made by the appellant is that the relation of landlord and tenant did not exist; hence there could be no unlawful detainer under section 5588 of Revised Laws, 1912. In support of the contention it is insisted that no tenancy was shown by the evidence and that the court did not find that the relation of landlord and tenant existed and, secondly, that no real estate was involved; hence under the law there could be no tenancy.

1. It is well settled that a water right is realty (2 Kinney on Irrigation [2d ed.], p. 1328; Weil, Water Rights [2d ed.], p. 129; Long on Irrigation, p. 132; 40 Cyc. 540), and the court found specifically that the defendant "had held the property described in plaintiffs' complaint under lease at the rate of $30 per month, and that on July 18, 1922, the said defendant was in arrears of rent due, and that demand was made for the rent due the plaintiffs from the defendant on July 18, 1922. * * * "

Two different judges have found the facts favorable to the plaintiffs, and we will not review the evidence, as it is voluminous, and the circumstances do not justify it.

2, 3. It is next contended that the court erred in permitting the plaintiffs to amend their complaint so as to substitute Ora Nenzel and Fred L. Miner for A. H.

Cutter and D. V. Mahoney as parties plaintiff. If this was error it is not such an error as can be availed of at this time. This case was tried prior to the trial which resulted in the judgment now appealed from. It was during the former trial that the order complained of was made. 48 Nev. 41, 226 P. 1102. No such order, objection, ruling, or exception appearing in this record, there is nothing before us to be considered upon this point. Furthermore, the point made is supertechnical, without substantial justice, and hence must be disregarded. Section 5066 Rev. Laws.

4. There is no merit in the contention that this action cannot be maintained for the reason proper notice to quit was not given. The complaint alleges the giving of the notice and the answer admits the allegation to be true. Upon the second trial of the case the defendant sought to amend its answer so as to deny the allegation. We do not think the court erred in the exercise of its discretion. The contention is purely a technical one and without real merit or justice.

A point is sought to be made of the fact that the reply admits a certain allegation of the affirmative defense of the answer, as we have pointed out. The allegation in question is inconsistent with certain of the allegations of the complaint, and, strictly speaking, is nothing more than a denial of such allegations. Bliss, Code Pl. (2d ed.), section 333; Goddard v. Fulton, 21 Cal. 430; Alden v. Carpenter, 7 Colo. 93, 1 P. 904; Sylvis v. Sylvis, 11 Colo. 319, 17 P. 912; Cuenin v. Halbouer, 32 Colo. 51, 74 P. 885. In this situation, in view of the findings, no prejudice resulted.

5. It is next asserted that the court erred in rendering judgment for damages in the sum of $1,785. In support of this contention defendant relies upon the contention first made that no tenancy existed, and other contentions which we have rejected, and apparently upon the insufficiency of the complaint. As to the contentions already rejected we need say nothing. The complaint states a cause of action, alleging damages in the sum of $4,800. We think the complaint specific and

certain enough when attacked in this respect for the first time in this court.

Other questions are discussed by the appellant, but, since they are disposed of by what we have said or are based upon contentions as to facts contrary to the findings of the court, we will not consider them, since all of the findings of the court are supported by substantial evidence.

It appearing from a consideration of the entire record that the judgment is just, and that no prejudicial error was committed, it is ordered that the judgment and order appealed from be affirmed.

DUCKER, J.: I concur.

SANDERS, C. J.: I concur in the order.