## W.  H.  GALLAGHER, Appellant, *v.*  WM.  DUNLAP, Respondent.

When a complaint charges a sale and delivery of goods, it is not sufficient for defendant in his answer, to say he never " had or requested " any goods of plaintiff.   There must be a direct and not argumentative denial of the sale and delivery.

### In Response to Petition for Re-hearing.

When an answer is put in defective only in form, plaintiff should demur, and not move for judgment on the pleadings.   He cannot, by moving for judgment on the pleadings, deprive defendant of the right to amend.

Gallagher *v.* Dunlap.

It is not right to compel the unsuccessful party in this Court to pay the costs of appeal as a condition precedent to making his defense in the Court below.

APPEAL from a Judgment of the District Court of the Ninth Judicial District, Esmeralda County, Hon. S. H. CHASE presiding.

The facts are stated in the Opinion.

*Thos. H. Williams & W. M. Seawell,* for Appellant.

A denial that defendant ever had or requested certain goods of plaintiff is not a denial of the sale and delivery of such goods to defendant. (Abbott's Pleadings, N. Y. Code, page 79 ; 4th Howard's Practice Reports, page 98.)

*Boring & Brown,* for Respondent.

Opinion by LEWIS, C. J., full Bench concurring.

The plaintiff, by his complaint in this action, alleges that on the 1st day of June, A.D. 1865, he sold and delivered to the defendant certain goods, wares and merchandise, consisting of " divers tons of gold and silver-bearing quartz rock and ore," of the value of five hundred and ten dollars, for which the defendant promised and undertook to pay, etc. After denying the indebtedness in regular form, the allegation of a sale and delivery. is met by the defendant in his answer in the following manner :

" And further denies that he ever had or requested of said plaintiff any goods, wares and merchandise of any kind or nature whatever, and more particularly divers tons of gold and silver-bearing quartz rock and ore," at the place laid in the complaint.

Upon proper notice, the plaintiff moved for judgment on the pleadings, claiming that the answer did not sufficiently deny the material allegations of the complaint.

The Court below overruled the motion and called the case for trial. As the plaintiff refused to try the case upon its merits, the Court dismissed the complaint and rendered judgment in favor of the defendant for costs. From this judgment, and the order of the Court overruling his motion for judgment, the plaintiff appeals.

We are satisfied that the denial in the answer is not sufficient, and as the defendant refused to amend when the opportunity was extended to him by the Court below, judgment for the plaintiff should have been granted.     There is no sufficient denial of the sale and delivery of the rock in the answer.     The defendant simply alleges that he never *had* the property which the plaintiff alleges was sold and delivered to him.     If the defendant never *had* the property the inference of course is that it was not delivered to him. It is, however, nothing but an *inference*.     This form of denial or pleading is argumentative, and therefore not good.     It is not a direct denial of the allegations of the complaint, but only the statement of a fact which is incompatible with the truth of such allegations, which is in fact no denial at all, and has always been held insufficient.

" We have already seen," says Mr. Chitty, " that pleading is a statement of facts, and not a statement of argument; it is therefore a rule that a plea should be direct and positive, and advance its position of fact in an absolute form, and not by way of rehearsal, reasoning, or argument.".     (1·Chitty on Pleading, 539 ; Stephen on Pleading, 382.)

Where, therefore, in an action of trespass for taking and carrying away the plaintiff's goods, the defendant pleaded that the plaintiff never had any goods, the Court said, " This is an infallible argument that the defendant is not guilty, and yet it is no plea." (Stephen on Pleading, 384.)     This rule is also recognized under the modern practice.     (1 Van Santvord's Pleadings, 533.)

We are not prepared to say that under the present liberal rules of pleading, the extreme strictures of the old· rule upon this point should be followed.     Where, however, as in this case, there is some appearance of evasion, and even the inference to be drawn from the allegation of the answer is not by any means *absolutely* incompatible with the truth of the allegations of the complaint, we are compelled to hold that the denial in the answer is insufficient.     It is possible that there was legally and technically a sale and delivery to the defendant of the property mentioned in the complaint, and yet using the word in its popular signification he might be able to swear that he never *had* the rock and ore alleged to have been delivered to him.     Hence, it is not such a direct and specific denial

as the law requires of a pleader, and in fact amounts to no denial at all.

The judgment of the Court below must be reversed.   The Court will give the defendant a certain time within which to amend his answer, and if he neglects or refuses to do so, judgment must be granted in favor of the plaintiff.

RESPONSE TO PETITION FOR RE-HEARING.

Opinion by BEATTY, J., full Bench concurring.

In this case the Court rendered a decision reversing the judgment of the Court below.   The appellant, in whose favor the case was decided by this Court, now asks for a re-hearing in order to obtain a modification of the order made by this Court on reversing the judgment.

Whilst the present order, after reversing the judgment in the Court below, directs that defendant shall be allowed to amend his answer, the appellant seeks to have the order made directing the Court below to enter judgment for plaintiff on the pleadings.   We see no reason for this.   The regular practice, when a defendant puts in a defective answer, would be to demur to that answer.   If the demurrer is sustained, then as a matter of course the defendant is allowed to amend.   In this case, instead of demurring to the answer the plaintiff moved for judgment on the pleadings.   This is hardly the proper course where the answer is merely defective in form or manner of denial, as in this case.   When the answer admits all the facts necessary to entitle the plaintiff to a judgment, this motion would be proper enough.

And such admission might be made either directly in language or by a total failure to deny or to state facts inconsistent with the allegations of the complaint.   But when there is an attempted denial of a fact necessary to sustain the plaintiff's action, however imperfect that denial may be, it should be reached by demurrer.

The plaintiff cannot be placed in a better position by having made a rather irregular motion, then he would be if he had demurred.   It would be improper to modify our judgment, as requested.

Petitioner further asks, if we will not make the order for judgment on the pleadings, that we require the defendant to pay the costs of this appeal as a prerequisite, a condition precedent to his being allowed to amend his answer and make his defense in the case. We see no reason for such a course. There is nothing in the case to show us that defendant is making a sham defense. For aught we know, his defense may be a perfectly good one. We are not disposed to deprive him of the opportunity of making his defense because perchance he may not have the ready money to pay the costs of this appeal.