## FINN v. POST.

(Supreme Court, Special Term, Westchester County. November 24, 1908.)

1. INFANTS (§ 114*)—ACTIONS—GUARDIAN AD LITEM.

In an action in this state by an infant on a judgment recovered by him in another state, the guardian ad litem of the infant in the original action was not a necessary party; plaintiff being entitled to appear by a guardian ad litem appointed in this state.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 323; Dec. Dig. § 114.*]

2. PLEADING (§ 121*)—ANSWER—DENIALS—FORM.

An answer alleging that defendant has no knowledge as to the truth of the allegations of the complaint, and therefor denies the same, is insufficient.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 245–248; Dec. Dig. § 121.*]

3. PLEADING (§ 346*)—ANSWER—SUFFICIENCY—FRIVOLOUS ANSWER.

In an action in this state by an infant on a judgment recovered by plaintiff in another state for personal injuries, an answer alleging that the guardian ad litem in the original action was a necessary party; that defendant has no knowledge as to the truth of the allegations of the complaint and therefore denies the same; and further alleging contributory negligence on plaintiff's part and want of negligence on defendant's part; and that the verdict was excessive and resulted from appeals to the passion and prejudice of the jury—was as a whole insufficient and frivolous.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1060–1064; Dec. Dig. § 346.*]

Action by George H. Finn, infant, by Frank B. Pierce, his guardian ad litem, against Augustus G. Post. Motion by plaintiff for judgment on the answer as frivolous. Motion granted.

Edward D. Freeman, for plaintiff.
John A. Coveney, for defendant.

TOMPKINS, J. This is a motion by the plaintiff for judgment upon the answer as frivolous. The action is upon a judgment rendered in favor of the plaintiff and against the defendant in the state of Massachusetts upon a cause of action for personal injuries resulting from the defendant's negligence. In the Massachusetts action the plaintiff appeared by one Annie Finn, his guardian ad litem. The complaint in this action fully sets forth the judgment in the state of Massachusetts, and shows that the court had jurisdiction of the subject-matter of the action, and of the parties. The answer first alleges that Annie Finn, who was the guardian ad litem of the plaintiff in the Massachusetts suit, is a necessary party to this action, and alleges that, because she is not a party, there is a misjoinder of parties plaintiff, and that this action should be brought in her name, without the interposition of a guardian ad litem. As to the other allegations of the complaint, the answer alleges that the defendant "has no knowledge as to the truth of the allegation contained in the first clause of said bill of complaint, and therefore denies the same," and the same form of denial is used respecting the other allegations of the complaint; and,

as a further answer, the defendant alleges that the verdict in the Massachusetts court, upon which the judgment was rendered, was contrary to the evidence, and that the defendant was in no way responsible for the accident out of which the cause of action arose, and that the plaintiff's injuries were caused by his own negligence, and that the verdict of the jury was excessive, and was the result of appeals to the passions and prejudices of the jury.

No part of the answer is sufficient to raise an issue. It is not necessary that the guardian ad litem in the Massachusetts action should be a party to this action. The judgment sued upon was in favor of the infant, and he has a right to maintain this action thereon, in this state, appearing by a guardian ad litem appointed according to the rules and practice of this court. The guardian ad litem in the Massachusetts action has no interest whatever in this action brought upon the judgment in this state. The denials in the answer are not in proper form, and the allegations of contributory negligence on the part of the plaintiff, and want of negligence on the defendant's part, and the other allegations respecting the appeals to the passion and prejudice of the jury, are all immaterial in this action, and the answer as a whole is insufficient, and hence is frivolous.

Motion for judgment upon the answer as frivolous is granted.