[No. 1821]

B. C. WEIR, APPELLANT, v. WASHOE HARDWARE AND SUPPLY COMPANY, RESPONDENT.

1. PLEADING—AMENDMENTS—STRIKING OUT.

An amended complaint filed by plaintiff without asking leave of court or in any way complying with District Court Rule 17 (page 22, *ante*), providing that, where the right to amend any pleading is not of course, the party desiring to amend shall serve with the notice of application to amend an engrossed copy of the pleading, with the amendment incorporated therein, etc., or with section 68 of the civil practice act (Comp. Laws, 3163), authorizing the court to allow amendments, etc., was properly stricken out on motion.

2. APPEAL AND ERROR—APPEALABLE ORDERS—ORDER STRIKING AMENDED COMPLAINT FROM FILES.

An order striking an amended complaint from the files for failure to comply with mandatory requirements of the statute and rules of the district court regarding amended pleadings is not appealable.

APPEAL from the District Court of the First Judicial District of the State of Nevada, Washoe County; *W. H. A. Pike*, Judge.

Action by B. C. Weir against the Washoe Hardware and Supply Company, a corporation. From an order striking an amended complaint from the files of court, plaintiff appeals. **Dismissed.**

The facts sufficiently appear in the opinion.

*O. H. Mack*, for Appellant.

*Boyd & Salisbury*, for Respondent.

By the Court, SWEENEY, J.:

The record discloses that the above-entitled action was commenced in the Second Judicial District Court of the State of Nevada in and for the County of Washoe by filing a complaint therein on the 5th day of May, 1908, and the issuance of a summons thereon. On the morning of the 20th day of

May, 1908, the plaintiff, through his attorney, O. H. Mack, had a default entered in said action against defendant, and, upon the submission of his evidence, the court ordered a judgment by default entered against defendant. At 1:30 o'clock p. m. of the same day the defendant, through its counsel, appeared and moved that the judgment by default entered in the morning against his client be set aside on the ground of insufficient service of summons, and the court granted the motion and ordered the default and judgment set aside. The plaintiff caused a new summons to be issued and served on defendant, whereupon the defendant filed a general demurrer to the complaint upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer coming on to be heard on the 27th day of June, 1908, counsel for the defendant not appearing, the demurrer was overruled without argument. Defendant then interposed its answer, denying the liability of its client to plaintiff, and interposed as a further separate defense to plaintiff's cause of action that the complaint on file did not state facts sufficient to constitute a cause of action.

The court, after listening to the argument of counsel upon the sufficiency of the plaintiff's complaint, at the conclusion of the testimony introduced on behalf of the plaintiff, made the following finding: "The court finds as a matter of law that the complaint does not set forth facts sufficient to constitute a cause of action." Whereupon a recess was taken until the further order of the court. (Statement on Appeal, p. 10, line 22.)

So far as the record discloses, the court never entered at the time any judgment whatever in the case, and there is no record to this date of any judgment having been entered or final disposition made of the cause. Counsel for plaintiff thereafter, to wit, on the 15th day of October, 1908, without asking leave of court, or without in any way complying with Rule 17 of the rules of the district court (see page 22 of this volume), and section 68 of our civil practice act (Comp. Laws, 3163), filed an amended complaint, to which amended complaint the attorneys for defendant upon due and proper notice moved the court for an order striking it from the files of the court,

which the district court, in view of the premises, very properly granted.

Undoubtedly if, upon a proper showing, counsel for appellant had asked the court the privilege of amending his complaint, the permission would have been granted. In the case of *Horton* v. *Ruhling & Co.*, 3 Nev. 498–503, this court held that in a case where the complaint failed to state a cause of action, where there had been a trial, the court below should either have dismissed the action without prejudice or given the plaintiff an opportunity to amend his pleading. The liberal practice of courts allowing amendments to pleading to conform to the proofs in proper cases in this state during and after trial is as common as it is proper, and courts, recognizing the justice of this rule, universally, upon proper demand, grant the privilege. (*Finnegan* v. *Ulmer, Mullholland, et al.*, 31 Nev. 523.) But, to avail a client of this privilege, counsel must comply with the rules of the court allowing amendments, and certainly counsel in this case cannot be heard to complain of a right denied him, when he has not as yet properly applied for the same. The record discloses that counsel for the appellant never prior to the filing of the said amended complaint asked permission of the court to amend his complaint, nor in any way complied with the mandatory requirements of the statute and rule of the district court regarding amended pleadings.

An examination of the record presented makes it manifest that counsel for the appellant in view of the absence of any judgment or appealable order ever to this date having been rendered against his client by the lower court in the present status of the case, is, to say the least, premature in his appeal to this court, and that the motion of the respondent to dismiss the appeal must be granted.

It is so ordered.