# PORTLAND CATTLE LOAN CO. *v.* WHEELER & STODDARD, INC.

## No. 2759

May 4, 1927. 255 P. 999.

## ON MOTION TO STRIKE

1. APPEAL AND ERROR—DISTRICT COURT RULE 36.

Memorandum of errors on motion for new trial and assignment of errors involving errors at law occurring at trial *held* stricken, where extensions of time for service of memorandum of errors on adverse party, beyond time allowed under civil practice act, sec. 380 (Rev. Laws, 5322), were invalid because entered without notice, contrary to district court rules, rule 36.

2. WITNESSES—DEAD MAN RULE.

Affidavit of respondent to have memorandum of errors on appellant's motion for new trial stricken on ground that service was not made within time allowed by civil practice act, sec. 380 (Rev. Laws, 5322), because extensions permitted were without notice under district court rules, rule 36, was not rendered inadmissible by fact that attorney who had been in charge of case for appellant was dead; Rev. Laws, 5419, providing no person shall be allowed to testify when other party to transaction is dead not being applicable.

3. WITNESSES—DEAD MAN RULE.

Testimony will not be excluded as involving transaction with deceased person, under Rev. Laws, 5419, unless clearly within terms of statute.

4. APPEAL AND ERROR—TRANSCRIPT NOT STRICKEN.

Where appellant assigned as error insufficiency of evidence to justify decision under civil practice act, sec. 378 (Rev. Laws, 5320), transcript of testimony was properly part of record on appeal for presentation of such question, though memorandum of errors on motion for new trial was not served or filed within time prescribed by section 380 (Rev. Laws, 5322).

## C. J.-CYC. REFERENCES

APPEAL AND ERROR—3 C. J. sec. 1549, p. 1397, n. 47; 4 C. J. sec. 2267, p. 507, n. 8 (new).

WITNESSES—40 Cyc. p. 2260, n. 52; p. 2262, n. 54; p. 2301, n. 16.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Action by the Portland Cattle Loan Company against Wheeler & Stoddard, Inc., and others. From a judgment for plaintiff and order denying a new trial, defendants appeal. On motion to strike memorandum of errors on motion for new trial, specifications of error on appeal and transcript. **Motion to strike denied as to transcript**

of testimony; memorandum of errors on motion for new trial and assignment of errors involving errors at law occurring at trial ordered stricken from record on appeal.

*Green & Lunsford,* for Movant:

No memorandum of errors was filed and served within ten days after service of notice of motion for new trial. There is no provision that requests for extension of time may be made ex parte. Civ. Pr. Act, sec. 380, Rev. Laws, 5322.

Lunsford's affidavit does not state that Mack, deceased, one of opposing counsel, failed to serve him, but that no copy was served, and it was not testimony regarding transaction with deceased person within meaning of Rev. Laws, 5419. In Re Winslow's Will, 122 NW. 971; Alexander v. Ransom, 92 NW. 418; Stetler v. Stewart, 107 NW. 310.

Order extending time is ineffectual for any purpose unless copy is served. District Court Rule 10. Rule 36 and Beco v. Tonopah Ex. M. Co., 37 Nev. 199, are conclusive against appellant.

We were not present in court when orders were made, minutes do not show our presence, and there is no presumption of our presence; under rule 36 is was not indispensable.

*M. B. Moore,* for Appellants:

We do not take issue with respondent upon rules and authorities cited, but upon application thereof to case at bar. Record discloses motion to strike memorandum of errors was presented and allowed at time motion for new trial was argued, but record discloses no affidavit or evidence in opposition to legality of proceedings. Only thing upon which motion was made was statement of Lunsford by way of argument that no notice was served upon him of orders contained in court minutes. Later affidavit was filed, but after motion for new trial was denied and motion to strike was granted. Case is not within rule 36. In absence of proper evidence presumption is that court proceeded regularly, and

that necessary parties were before court. Parker v. Altschul, 60 P. 380; Caruthers v. Hensley, 27 P. 411.

No person shall be allowed to testify when other party to transaction is dead. Rev. Laws, 5419. Affidavit shows transaction was between Lunsford and Mack, deceased, who had charge of all matters connected with case at that time. This case is squarely within Bright v. Virginia C. & G. H. W. Co., 254 Fed. 175.

## OPINION

By the Court, DUCKER, J.:

This is a motion to strike the memorandum of errors relied upon by appellants in the lower court upon their motion for a new trial, the memorandum or specifications of error in this court, and the reporter's transcript of the testimony and proceedings given and had in the lower court contained in volume 2 of the record on appeal. The motion is based upon the ground that said memorandum of errors was not filed within ten days after service of the notice of motion for new trial, as required by section 380 of the civil practice act of this state (Rev. Laws, 5322). Section 380 provides:

"Where the motion is made upon the seventh cause mentioned in the preceding section, the party moving shall, within ten days after the service of notice of motion for a new trial, unless further time be obtained by stipulation or order of court, serve upon the adverse party a memorandum of such errors excepted to as he intends to rely on upon the motion, and such memorandum shall contain a verified statement of his attorney that in the judgment of such attorney the exceptions so relied upon are well taken in the law. No other errors under subdivision 7 shall be considered either upon the motion for a new trial or upon appeal than those mentioned in such memorandum."

It appears that the notice of intention to move for a new trial was served upon respondent's attorney on March 20, 1925, that upon March 30, 1925, the court, by a minute order extended the time for preparing,

serving, and filing a memorandum of errors to and including April 10, 1925, and that on April 8, 1925, it made an order extending the time to and including May 1, 1925.

It appears that the memorandum of errors was served on the attorney for respondent on April 27, 1925, and filed the following day. Counsel for respondent claims that he was not present when either of these orders extending the time for serving the memorandum of errors was made; that no written notice of either was given to him as required by rule 36 of the district court rules; and that consequently the orders were invalid and the memorandum of errors was not filed within the time limited by said section 380. Rule 36 reads:

"No order, made on ex parte application and in the absence of the opposing party, provided he has appeared, granting or extending the time to file any paper or do any act, shall be valid for any purpose, in case of objection, unless written notice thereof is promptly given to such opposing party. Such notice shall be given as other notices are given, or may be given by registered mail sent to the last known address of the attorney for such party, or, if he has no attorney, to such party himself. If the address of such attorney or party be not known then the notice may be addressed to such attorney or party in care of the clerk."

**1-3.** In support of the motion respondent filed in this court and presented on the hearing of the motion the affidavit of Edward F. Lunsford, its attorney, showing, among other matters, that at all times during the pendency of the case in the lower court he was the sole attorney for respondent, and maintained law offices in the city of Reno, Washoe County, Nevada; that he never had any notice or knowledge of either of the applications for extension of time for the preparing, serving, and filing the memorandum of errors or of the orders extending the time, and did not know of the existence of said orders until he was furnished with a copy of the minute orders, which was on a date long after the argument on motion for a new trial. Counsel for appellants contend that the affidavit showing these matters cannot

be considered on this motion because they relate to transactions with a party since deceased, and come within the prohibition of section 5419 of the Revised Laws, which is as follows:

"No person shall be allowed to testify: 1. When the other party to the transaction is dead."

He filed his affidavit at the hearing of motion to strike which, in support of his contention that the other party to the transaction is dead, shows the following facts: Affiant at the present time is sole attorney for the appellants. He became associate counsel with the firm of Mack & Green, who were attorneys of record for appellants at about the time the case went to trial, and when George S. Green, one of the members of said firm, was a member of the Assembly of the State of Nevada and could not participate at the trial. At this time C. E. Mack, the other member of the firm of Mack & Green, was in actual charge of the case for appellants, and E. F. Lunsford was attorney for the respondent. Affiant has not consulted with George S. Green concerning the case at any time since the trial, and so far as he knows Green has not taken any active part or interest or appeared in said cause since the 17th day of February, 1925. After the trial of the case it was left solely in charge of C. E. Mack until the time of the latter's death on the 1st day of August, 1925, with the exception that affiant did discuss with the said C. E. Mack upon various steps to be taken upon the motion for a new trial, and suggested to said C. E. Mack that he secure the necessary extension of time to file the memorandum of errors and statement on motion for a new trial. He recollects that on the occasion when it became necessary to secure extensions of time for filing memorandum of errors on motion for a new trial, he was informed by C. E. Mack that he had gone into court and secured the extension of time in open court. The minutes of the court show the time and place at which said orders were made.

We see no force in the contention. If Mack obtained the orders from the court or judge in the absence of Lunsford, how could that have been a transaction

between them? The business of making and obtaining. the order was a matter between the judge and Mack, and was something in which Lunsford, if his affidavit is to be accepted, did not participate, and in which he had no opportunity to participate. He was in no sense the other party to the transaction.

As to the service of written notice required by the rule, the affidavit merely negatives a transaction of that kind. It does not state that Mack failed to make such a service, but that the affiant did not know of the existence of the orders until he was furnished with a copy of the minute order at a date long after the argument on motion for a new trial. The effect of this is not merely to disavow a transaction with Mack involving service of notice as required by the rule, but to negative such a transaction with any one whose duty it might have been to have made such service. Moore in his affidavit states facts to show that Mack was actively in charge of the case, and argues from this that it was his duty to make the service and that therefore Lunsford's affidavit pertains to a transaction with a person since deceased. But the deduction does not necessarily follow. From the facts stated it may have been Mack's duty to see that the service was made, but it does not follow that it was his duty to make the service himself. He might have requested either Moore or Green to make it, notwithstanding he was the leading attorney for appellants. If either of the other attorneys had made it there would have been no transaction with a person since deceased. Testimony will not be excluded where the case does not come clearly within the terms of the statute. Maitia v. Allied L. & L. Co., 49 Nev. 451, 248 P. 893. We are of the opinion that the matters stated in Lunsford's affidavit do not come within the prohibition of said section 5419. As they show that he was not present when the orders extending the time were made, and that written notices thereof were not promptly served upon him, the orders were clearly invalid under the plain terms of said rule 36. In Beco v. Tonopah Ext. M. Co., 37 Nev. 199, 141 P. 453, this court, in passing upon the rule said:

"Assuming for the time being that the trial judge had acted properly in granting the extensions of time on ex parte application and without any reason or cause being made of record, the rule operates imperatively that the opposite party to the litigation should have notice of the making and entering of such an order before the order itself became valid for any purpose. In other words, the orders, as made by the trial judge upon the ex parte application of attorney for appellant extending the time fixed by statute in excess of that contemplated by the first order, had no force or effect and were invalid unless the rule of the court was complied with to the extent of giving notice to the opposite party."

The orders extending the time being invalid, the memorandum of errors was not served or filed within the time prescribed by said section 380, and is therefore not properly a part of the record on appeal. That portion of the assignment of errors in this court involving errors at law occurring at the trial is necessarily based upon the memorandum of errors and consequently falls with it.

4. The motion is also aimed at the reporter's transcript of the testimony and proceedings, which contains all of the evidence, objections, and exceptions relating to the errors at law claimed by appellants. It appears, however, that appellants have assigned in this court, as grounds for a new trial, the sixth cause mentioned in section 378 of the civil practice act (Rev. Laws, 5320), namely, insufficiency of the evidence to justify the decision. The reporter's transcript of the testimony is properly a part of the record on appeal for the presentation of this question, and the motion to strike it is denied.

For the reasons given, the memorandum of errors on motion for a new trial and the assignment of errors in this court involving errors at law occurring at the trial should be struck from the record on appeal.

It is so ordered.