## O'NEILL *v.* VASILIOU

No. 2814

February 5, 1929.                                   274 P. 1.

*W. E. Billings*, for Appellant:

*C. A. Eddy*, for Respondent:

238

## OPINION

By the Court, SANDERS, J.:

The transcript of the record herein is entitled as follows:

"Defendant's bill of exceptions to be used on appeal from the order of the above-entitled court striking his bill of exceptions to be used on his appeal from the judgment and from the order of said court overruling his motion for a new trial and also from the order of said court denying defendant's relief from his excusable neglect and inadvertence in failing to serve the attorney for the said plaintiff with copies of the orders of the said court extending defendant's time to file his said bill of exceptions."

Upon the service and filing of the bill of exceptions in this court, counsel for the plaintiff filed a motion to strike the entire bill of exceptions, accompanied by the affidavit of plaintiff's attorney in support of the motion. In view of the confused condition of the record, no intelligent disposition can be made of the motion without giving a statement of material facts.

We shall refer to the parties as "plaintiff" and "defendant." Judgment was entered in favor of the plaintiff and against the defendant upon the verdict of a jury on July 25, 1927, for the sum of $696.13, with interest. On September 3, 1927, the defendant's motion for new trial was denied. On September 22, 1927, upon the ex parte application of counsel for the defendant, the court made an order extending time for the preparation, service, and filing of the defendant's proposed bill of exceptions. On October 3, 1927, upon the ex parte application of defendant's counsel, an order was entered granting the defendant to and including the 12th day

of October, 1927, in which to serve and file his bill of exceptions. On October 13, 1927, the bill of exceptions was filed in the case. On said 13th day of October, 1927, the plaintiff filed and served upon counsel for the defendant notice of its motion to strike from the files the defendant's bill of exceptions and orders theretofore made extending time beyond that fixed by statute in which to serve and file a bill of exceptions. Said motion to strike came on for hearing on October 27, 1927, based upon the records and files in the cause and the affidavits of the attorney for the plaintiff. The motion to strike was based upon the ground that the defendant failed to give written notice of the several orders extending time, as required by the provisions contained in rule 36 of district court rules, section 4942, Rev. Laws. In opposition to the motion, counsel for the defendant filed a counter affidavit, and asked permission of the court to be relieved from his failure to comply with rule 36 of the district court in giving written notice of the orders extending time under section 5084 of the Revised Laws of Nevada, 1912. The court thereupon granted defendant until the 1st day of November, 1927, in which to make his showing under said section. On the 29th day of October, 1927, the defendant served upon plaintiff's attorney a copy of notice of motion to be relieved from his excusable neglect in not giving the written notice required by said rule 36, which notice of motion was supported by the affidavit of counsel for the defendant. The two motions seem to have been argued together. The court took the motions under advisement until the 4th day of November, 1927, on which date the court made an order refusing to grant the defendant's motion for relief under section 5084 of the Revised Laws, and thereupon made an order striking from the files the defendant's bill of exceptions to be used by the defendant upon his perfected appeal from the judgment and from an order of the court denying and overruling his motion for a new trial, to which rulings the defendant duly excepted.

On November 1, 1927, the defendant gave notice of

appeal from the judgment and from the order overruling the defendant's motion for a new trial. On January 3, 1928, the defendant gave notice of appeal from the order striking defendant's bill of exceptions and also from the order denying and overruling the defendant's motion for relief from his excusable neglect and inadvertence in failing to serve the attorney for the plaintiff with copies of the orders of the court extending defendant's time to file his bill of exceptions.

It is our understanding that there is but one question presented for determination, and that is, Did the court below err in striking from the record in the case the defendant's proposed bill of exceptions? The answer to the question involves the construction or interpretation of rule 36 of district court rules, as applied to orders extending time beyond that allowed by statute in which to serve and file a bill of exceptions. Rule 36 reads as follows:

"No order, made on ex parte application and in the absence of the opposing party, provided he has appeared, granting or extending the time to file any paper or do any act, shall be valid for any purpose, in case of objection, unless written notice thereof is promptly given to such opposing party. Such notice shall be given as other notices are given, or may be given by registered mail sent to the last known address of the attorney for such party, or, if he has no attorney, to such party himself. If the address of such attorney or party be not known then the notice may be addressed to such attorney or party in care of the clerk. (As amended, October 25, 1911.)"

It will be observed that the power and authority of the trial court to enlarge the time prescribed by statute in which to serve and file a bill of exceptions was not questioned either in this court or in the court below. Counsel for the plaintiff, however, takes the position that under rule 36 the orders granting or extending time to file defendant's proposed bill of exceptions were not valid for any purpose without written notice thereof.

to the opposing party as required by district court rule 36, section 4942, Rev. Laws.

In Beco v. Tonopah Extension Mining Co., 37 Nev. 199, 141 P. 453, followed in Portland Cattle Loan Co. v. Wheeler & Stoddard, 50 Nev. 205, 255 P. 999, it was held that an ex parte order, extending the time within which the mover for a new trial shall serve on the adverse party a memorandum of exceptions and errors, though properly granted, is without effect until notice thereof has been given the adverse party, as required by district court rule 36. Upon these authorities we conclude that the orders extending the defendant's time in which to serve and file his bill of exceptions were invalid, and therefore the plaintiff's motion to strike the defendant's bill of exceptions must be sustained.

If we assume that district courts may, upon good cause shown, relieve a party from default in not giving written notice of an order extending time, as required by district court rule 36, we are of the opinion that, upon the showing made in this case, the court did not abuse its discretion in refusing to relieve the defendant from his default.

With the bill of exceptions out of the case, the defendant's appeal from the order denying and overruling his motion for a new trial is dismissed, and the judgment appealed from is affirmed.