[Civ. No. 4247.  Third Appellate District.—January 19, 1931.]

LOS ANGELES HOUSING CORPORATION (a Corporation), Respondent, v. J. A. CROWLEY, Appellant.

W. O. Wanzer for Appellant.

Mark F. Jones for Respondent.

MR. JUSTICE Pro Tem. JAMISON Delivered the Opinion of the Court.—This appeal is from a judgment in favor of the plaintiff. The complaint contains two counts, the first of which alleges in substance that between December 30, 1924, and February 16, 1926, the plaintiff loaned and advanced to defendant on open book account the sum of $6,886.81 upon his promise to pay the same to plaintiff, then after setting out an itemized statement of the dates and amounts so advanced and loaned, it is alleged that no part of said sum so loaned and advanced had been repaid plaintiff, although the same is long past due.

The second account sets forth an account stated between plaintiff and defendant for the money claimed to have been loaned and advanced as alleged in the first count.

The defendant answered the first count by denying that between December 30, 1924, and February 16, 1926, upon his promise to repay the same, plaintiff loaned and advanced on open book account to defendant the sum of $6,886.81, or any other sum, as alleged in the complaint and denied that said sum, or any other sum, was long past due, and denied each of the allegations contained in the second count of the complaint.

The case was set for trial November 3, 1927, but was continued from time to time until February 16, 1928, at which time the court proceeded with the trial and thereupon the defendant moved the court to permit him to file an amended answer. The motion was denied and the plaintiff, having produced evidence in support of the matters set forth in the complaint, the court refused to hear any evidence offered by defendant and rendered judgment for plaintiff. This appeal was brought up on the judgment-roll alone.

The denial in the answer that between December 30, 1924, and February 16, 1926, upon his promise to repay same, plaintiff loaned and advanced to defendant the sum named in the complaint, or any other sum, as alleged in the complaint, constitutes a negative pregnant and is an admission that plaintiff did loan to defendant said sum.

Denial that the act was done on the day named admits that the act was done. (Bates on Pleading, Practice & Forms, 340; *Motor Investment Co.* v. *Breslauer*, 64 Cal. App. 230 [221 Pac. 700].) And the denial that the sum named in

the complaint is long past due does not negative the allegation of the complaint that it is due.

▮ The refusal of the court to allow the defendant to amend his answer cannot be considered upon his appeal from the judgment where the request therefor and the ruling of the court thereon are not incorporated in a bill of exceptions or other appropriate method. (2 Cal. Jur. 521; *Campbell* v. *Freeman*, 99 Cal. 546 [34 Pac. 113].) ▮ When an appeal is to be determined upon the judgment-roll alone, all intendments will be made in support of the judgment and all proceedings necessary to its validity will be presumed to be regularly taken. If the error relied on to destroy such presumption consists in matters *dehors* the record, such matters must be brought to this court by bill of exceptions or other appropriate method. (*Caruthers* v. *Hensley,* 90 Cal. 559 [27 Pac. 411].)

We find no error of the trial court in the record before us and the judgment is affirmed.