W. H. THIESS, Respondent, *v.* PAUL RAPAPORT
AND ETHEL RAPAPORT, Doing Business Under
THE Name AND Style of Ethel's Delicatessen,
Appellants.

No. 3109

April 3, 1937.                              66 P. (2d) 1000.

*Harold M. Morse,* for Appellant:

*Albert A. Hinman,* for Respondent:

# OPINION

By the Court, COLEMAN, C. J.:

The complaint in this action contains two causes of action. The first cause of action alleges, inter alia, that

on January 13, 1933, one C. Gorbulove, also known as H. Gorbulove, loaned to the defendants, at their special instance and request, the sum of $300, which the defendants promised to repay six months thereafter with interest at the rate of 10 percent per annum, from date, together with a reasonable attorney's fee in case an action is instituted to collect said indebtedness.

The complaint also alleges that nothing had been paid on said indebtedness except $45 on account of interest.

It is further alleged that prior to the institution of the action the said Gorbulove had assigned said claim to this plaintiff.

The second cause of action is of the same tenor, except that it alleges that on January 23, 1933, the said Gorbulove loaned the defendant $100, which defendants promised to pay six months after date with interest at 10 percent per annum from date, together with a reasonable attorney's fee in case suit is instituted to recover said indebtedness; that nothing had been paid on account of said indebtedness; and that prior to the bringing of the action the claim had been assigned to plaintiff.

Plaintiff demands judgment in the sum of $400, with interest and attorney's fees, less $45.

On October 3, 1934, the defendant Ethel Rapaport filed her answer to the complaint, wherein she attempted to deny all of the allegations of both causes of action of the complaint.

On February 2, 1935, after the demurrers filed by defendant Paul Rapaport had been overruled, he filed an answer to the first and second causes of action, identical to that filed by Ethel Rapaport, above stated.

He also set up two separate affirmative defenses to each of the causes of action sued upon.

In the first affirmative defense to the first cause of action, it is alleged that the plaintiff is not the real party in interest; that he has no legal capacity to sue; and that it affirmatively appears from the complaint

that planitiff has not complied with the laws of the State of Nevada relative to the establishment and conducting of a collection agency in the state.

For a second affirmative defense to the first and second causes of action, this defendant alleged that while intoxicated he engaged in a gambling game with Gorbulove and that if defendant became indebted to said Gorbulove it was as the result of such gambling while intoxicated.

Thereafter plaintiff filed a general demurrer to all of the above-stated defenses of Paul Rapaport, and upon argument and submission thereof the court sustained the demurrer to the first affirmative defenses to each of the said causes of action, and overruled the demurrer to the second affirmative defenses to each of the causes of action.

Thereafter plaintiff filed his reply denying the allegations contained in the second affirmative defense to each of the causes of action.

On April 9, 1936, the case came on for trial. Thereupon counsel for plaintiff moved the court for judgment on the pleadings in favor of plaintiff and against the defendants. The defendants asked leave to file amended answers before the court pass upon the motion. Thereupon the court ordered that the case be continued until April 10, 1936, and defendants were directed to prepare and present proposed amended answers.

On April 10, 1936, the court entered an order denying the motion for judgment on the pleadings. Counsel for defendants then moved the court for an order permitting the defendants to file their tendered amended answers, to which motion counsel for plaintiff objected on the ground that no copy of the proposed amended answers had been served upon him, that no showing had been made entitling defendants to the order sought, and for the further reason that it would necessitate a postponement of the trial, and insisted that the court proceed with the trial.

The court entered an order reciting the tender by the defendants of proposed amended answers, and that copies, duly certified to, were simultaneously served upon plaintiff. Thereupon the court sustained the objections of plaintiff, and ordered that the application be denied and that the case be tried upon the then existing pleadings.

Thereupon plaintiff rested his case, without offering any evidence. The defendants also rested, without offering any evidence.

Whereupon counsel for plaintiff moved for judgment in favor of plaintiff.

Upon request of counsel for defendants, the court allowed the respective parties time in which to file briefs.

Thereafter and pending the expiration of the time allowed for the filing of briefs, the defendants served and filed notice of motion to amend their answers, supported by affidavits, by setting up more in detail the affirmative defense to which the court had theretofore overruled a demurrer.

■ Before entering upon a discussion of the points urged by appellant, we must allude to the contention of the respondent to the effect that the bill of exceptions was not settled within the time allowed by law. It appears from the bill of exceptions that the court made an order extending the time for filing the bill of exceptions, and that it was filed within that time. Counsel for respondent contends that he was not served with notice of extension of time, and cites O'Neill v. Vasiliou, 51 Nev. 236, 274 P. 1, in support of his contention. The case mentioned is not in point. There the bill of exceptions was stricken. Not so here. The bill of exceptions is regular, and cannot be attacked now. The point is not well taken.

■■ The contention of respondent that the transcript on appeal was not filed within the period fixed by the rule is well founded, but since the point is made in the argument on the merits, and not pursuant to rule

III, the contention is waived. This is not a jurisdictional point. Obradovich v. Walker Bros. Bankers, 80 Utah 587, 16 P. (2d) 212.

It is contended that the appeal was not properly taken, in that the notice of appeal states that defendants appeal from the judgment rendered on May 29, 1936, whereas the judgment was not actually rendered until June 12, 1936. The notice of appeal is dated June 13, 1936, and was filed on the same day.

The facts are that the judge who presided in the case was the judge of another district, and resided at a point far removed from the county in which the case arose, was instituted and tried, and, pursuant to the long-established practice, he wrote his decision in the case, dated May 29, 1936, and filed June 1, 1936, ordering judgment in favor of the plaintiff, whereas the formal judgment was not filed until June 12, 1936.

Section 8886 N. C. L. (Stats. 1935, c. 90, pp. 197, 198, sec. 11), relative to taking an appeal to this court, so far as applicable here, reads: "An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a written notice stating the appeal from the same." The language quoted does not require that the date of the judgment be given in the notice—it simply requires written notice stating the appeal from the judgment.

This court had a similar provision under consideration in Bliss v. Grayson, 24 Nev. 422, 56 P. 231, 232, when the following language was quoted with approval: "The tendency of the court, as indicated by recent decisions, is to construe notices of appeal liberally, and hold them sufficient if, by fair construction or reasonable intendment, the court can say that the appeal is taken from the judgment in a particular case."

The court there observed: "Applying this rule to the notice, it is clearly apparent that the appellants appeal from an order of the district court of the state of Nevada, Second judicial district, Humboldt County, in the particular case made in said cause, denying the

motion of appellants for a new trial, to the supreme court. It is vigorously contended that the notice is fatally defective, in that it fails to describe any order appealed from. We do not believe this contention is tenable."

In the instant case it is clear from the notice of appeal that the plaintiff had ample information as to the purpose of the appeal, and that he was in no way misled. We would be very technical to hold that this court did not acquire jurisdiction because of the point made, hence we must hold the point not well taken.

We now come to the contentions of appellant. The brief sets forth four purported assignments of errors. The substance of the first three is that the court erred in rendering judgment against the defendants. The fourth assignment is to the effect that the court erred in not permitting appellants to amend their respective answers during the trial and after the trial of the case had been concluded.

■■ As to the separate answer filed by Ethel Rapaport, we may say it raised no material issue at all. The opening paragraph of her answer to the first cause of action reads:

"Comes now Defendant, Ethel Rapaport, and for her separate and distinct answer to the Complaint filed against her herein, admits, alleges and denies as follows, to wit."

Thereafter there are three separate denials, designated II, IV, and V, which read, except as to designation of the paragraph denied, as follows: "That defendant has no knowledge of the matter contained in paragraph——of said complaint, and therefore denies the same."

Section 104 of our Civil Practice Act, section 8602 N. C. L., reads:

"The answer of the defendant shall contain:

"1. A general or specific denial of the allegations in the complaint intended to be controverted by the defendant, or a denial thereof according to information and

belief. In denying any allegation in the complaint, not presumptively within the knowledge of the defendant, it shall be sufficient to put such allegation in issue, for the defendant to state, as to such allegation, that he has not sufficient knowledge or information upon which to base a belief."

From a reading of this section, it is seen that one may deny an allegation in a complaint "according to information and belief," and if he wishes to deny an allegation of facts not presumptively within the knowledge of the defendant, he may deny the same by stating that as to such facts he has not sufficient knowledge or information upon which to base a belief.

From a reading of the paragraphs of the answer quoted, the attempted denials do not comply with either of the requirements mentioned. There is no denial according to information and belief, nor is there a denial of matter not presumptively within her knowledge, by stating that she has not sufficient knowledge or information upon which to base a belief. Denials according to information and belief and of allegations not presumptively within the knowledge of the defendant must conform strictly to the statutory requirements. Humphreys v. McCall, 9 Cal. 59, 70 Am. Dec. 621; 21 Cal. Jur. pp. 148 to 153, secs. 98–103; Bancroft Code Pl., p. 602, sec. 411.

As to paragraph III of this defendant's answer, it simply states that she denies that she was or is indebted to Gorbulove or the defendant in the sums alleged, or in any sum, or at all. There is no attempt to deny the fact out of which the alleged indebtedness arose. It has long been held that such an attempt to deny an indebtedness raises no issue. Pomeroy Code Rem. (3d ed.) sec. 578; Bliss Code Pl., sec. 334; 1 Ency. Pl. & Pr., p. 805; 21 Cal. Jur. p. 154, sec. 105.

The answer to the second cause of action is substantially the same as that to the first cause of action.

From what we have said, it follows that the answer of Ethel Rapaport raises no issue whatever;

however, since the sufficiency of this answer was in no way challenged until the case came on for trial on the merits, we think this defendant was entitled to amend her answer as of course. This court has repeatedly condemned the practice of making up issues as of fact and then attempting to take advantage of the unwary pleader by motion on the trial. Cal. State Tel. Co. v. Patterson, 1 Nev., 150, 151.

In Gallagher v. Dunlap, 2 Nev. 326, it was said, in response to a petition for a rehearing:

"The regular practice, when a defendant puts in a defective answer, would be to demur to that answer. If the demurrer is sustained, then as a matter of course the defendant is allowed to amend. In this case, instead of demurring to the answer the plaintiff moved for judgment on the pleadings. This is hardly the proper course where the answer is merely defective in form or manner of denial, as in this case. * * *

"But when there is an attempted denial of a fact necessary to sustain the plaintiff's action, however imperfect that denial may be, it should be reached by demurrer.

"The plaintiff cannot be placed in a better position by having made a rather irregular motion, than he would be if he had demurred."

In Treadway v. Wilder, 8 Nev. 91, the court, in dealing with this question, said:

"There is in the portion of the pleading before quoted, an attempt to set up a cause of action, which if properly pleaded and proven might have entitled the appellant to the relief claimed. Upon demurrer the pleading would have been held bad, but the defect pointed out could have been remedied by amendment. No such opportunity was given, and a technical judgment may have cut off a substantial right; such is not the spirit of the code, nor, when properly interpreted, its practice."

The supreme court of Colorado, in Richards v. Stewart, 53 Colo. 205, 124 P. 740, held that if there be valid objection to the defenses pleaded for failure to state

facts, they should be raised by demurrer, and that such objections cannot be taken by motion for judgment on the pleadings, for that would be to foreclose all opportunity of amendment.

We think the court should have treated plaintiff's motion for judgment, so far as Ethel Rapaport is concerned, as a demurrer to her answer, and have allowed her to amend as of course, and that prejudicial error was committed in ordering judgment against her.

■■■ The separate answer of defendant Paul Rapaport is identical to the answer of Ethel Rapaport, as above stated, except as to the affirmative defenses. Hence we need to refer only to the affirmative defense to each of the causes of action.

Let us now inquire if the court erred in entering judgment in favor of the plaintiff and against this defendant. The court, in ruling on the motion for judgment in favor of plaintiff, took the position that the attempt to deny the allegation of indebtedness averred in the complaint raised no issue, and further held that by failure to offer evidence in support of the affirmative defense to each of the causes of action, which had theretofore been held good on demurrer, plaintiff was entitled to judgment. In this holding we think the court erred. The affirmative defense to each of the causes of action pleaded in the complaint, aside from the reference to the causes of action, reads:

"That if there was any purported consideration for the alleged indebtedness sued upon in the Plaintiff's First Cause of Action, the same was, and is, an illegal consideration, and one that is against public policy, viz: That while this Defendant was so intoxicated and under the influence of intoxicating liquor, he gambled at a game of chance then being conducted, operated, owned and managed by C. Gorbulove, in and at the home of said C. Gorbulove, also known as H. Gorbulove, in the City of Seattle, in the State of Washington, which said game of chance is commonly known as and called 'Black Jack,' and if Defendant became indebted to said C.

Gorbulove, also known as H. Gorbulove, as alleged in Plaintiff's First Cause of Action, the same was incurred for money he had lost while so gambling with said C. Gorbulove, also known as H. Gorbulove."

If this were a defense by way of pleading new matter—that is confession and avoidance—the holding of the trial court would be clearly right, for in that case the burden of proving the matter in avoidance would be upon defendant Paul Rapaport. Ferguson v. Rutherford, 7 Nev. 385; Dixon v. Pruett, 42 Nev. 345, 177 P. 11; Coles v. Soulsby, 21 Cal. 47, 50; Piercy v. Sabin, 10 Cal. 22, 70 Am. Dec. 692.

But the matter pleaded, as quoted, does not confess that any liability ever existed. On the other hand, it shows that there was no consideration for the alleged indebtedness—that it grew out of a gambling transaction which was void ab initio. While this matter is stated as an affirmative defense, it not being matter in confession and avoidance, is merely a denial of the averment in the complaint of a loan to the defendants.

It is a well-established rule that a statement of facts in an answer which is inconsistent with the facts alleged in the complaint, but which does not confess and avoid, is nothing more than a denial of the allegation which is the basis of the cause of action. Bliss on Code Pl. (2d ed.) 333; Goddard v. Fulton, 21 Cal. 430; Alden v. Carpenter, 7 Colo. 87, 93, 1 P. 904; Cuenin v. Halbouer, 32 Colo. 51, 74 P. 885; Nenzel v. Rochester Silver Corporation, 50 Nev. 352–358, 259 P. 632; Young v. Holman, 47 Nev. 4, 12, 216 P. 174.

But counsel for plaintiff contends that the affirmative matter pleaded does not constitute a defense. The court having overruled a demurrer to the defense, and the case having been tried on the theory that the matter pleaded stated defenses, it would be improper for us to affirm the judgment, for the same reasons that judgments on the pleadings, without opportunity to amend, are not approved.

Because of the errors pointed out, it is ordered that

the judgment be reversed as to both of the defendants, and the trial court is directed to permit the defendants to amend their answers.

## ON COSTS

June 19, 1937. 69 P.(2d) 96.

*Harold M. Morse,* for Appellants.

*Albert A. Hinman,* for Respondent.

## OPINION

By the Court, COLEMAN, C. J.:

Respondent has appealed from the ruling of the clerk of this court disallowing his exception to appellant's item of costs entitled "Clerk's Transcript on Appeal, $29.80."

It is contended that the clerk of the trial court can certify only to the documents constituting the judgment roll, to entitle appellant to recover costs therefor, and that documents other than the judgment roll are contained in the "Clerk's Transcript on Appeal."

The fact is that the so-called "Clerk's Transcript on

Appeal" was settled by the trial judge as a bill of exceptions, apparently without objection by respondent, and so far as appears was not attacked as a bill of exceptions until it reached this court (and not then on the grounds now assigned), and in our former opinion we held that the objection to the bill of exceptions was without merit.

The documents contained in the "Clerk's Transcript on Appeal" were referred to in the respective briefs of counsel and treated as though properly before us. In this situation, we think the ruling of the clerk should be sustained, on authority of Sugarman Iron & Metal Co. v. Morse Bros. Machinery & Supply Co., 50 Nev. 191, 202, 255 P. 1010, 257 P. 1.

It is so ordered.