# SNYDER *v.* SNYDER

No. 3007

January 3, 1934.                    28 P. (2d) 129.

*Melvin E. Jepson* and *John G. Willis,* for Appellant:

*Clyde D. Souter,* for Respondent:

## OPINION

By the Court, SANDERS, C. J.:

On the 20th day of December, 1927, George Conrad Snyder filed a complaint in the court below against Louise Clarke Snyder, the defendant, seeking a divorce. Omitting residential facts, the complainant, for cause of action, alleges that the parties intermarried in San Francisco, Calif., on or about the 13th day of October, 1917, and ever since said date have been and now are husband and wife; that there are no children the issue of said marriage; that there is no community property; "that the defendant was impotent at the time of the marriage of plaintiff and defendant, hereinabove alleged in paragraph II hereof, and said impotency of the defendant still continues, and will continue hereafter, as this condition of impotency in the defendant cannot be remedied." Wherefore, plaintiff prayed judgment that the bonds of matrimony between the parties be dissolved; that each be restored to the status of single persons; that plaintiff be granted an absolute decree of divorce from defendant; that plaintiff have all further and proper orders and receive general relief.

On January 30, 1928, the defendant demurred to the complaint and for demurrer alleged that the complaint does not state facts sufficient to constitute a cause of action against the defendant. The demurrer was overruled. Afterward, to wit, on February 23, 1928, the defendant answered. In addition to pleas of the general issue, the defendant specially pleaded as follows:

(1) That whatever cause of divorce may exist in favor of the plaintiff and as alleged in his complaint has been condoned by plaintiff; that for many years after said marriage plaintiff and defendant cohabited together and lived together as husband and wife; that plaintiff continued to live with defendant and to cohabit with her after he had full knowledge of all facts and circumstances surrounding the physical condition of the defendant.

(2) That the plaintiff has been guilty of laches in commencing any action for divorce on the grounds

alleged in plaintiff's complaint, and in this respect alleges that plaintiff and defendant intermarried on October 13, 1917, and cohabited and lived together as husband and wife until on or about the 1st day of December, 1924.

(3) That by way of recrimination defendant alleges that on December 1, 1924, plaintiff willfully and without cause deserted and abandoned the defendant, and since said date has continued to live separate and apart from defendant against her will and consent and with intent to desert the defendant.

(4) That all matters set forth in plaintiff's complaint are res adjudicata by reason of the following facts: (1) That in that certain action pending in the superior court of the State of California in and for the city and county of San Francisco, numbered 152489, entitled "Louise Clarke Snyder, plaintiff, vs. George Conrad Snyder, defendant," the said George Conrad Snyder filed a cross - complaint setting up as alleged ground for divorce the same ground as is attempted to be set forth in the complaint on file in this action, and that by the final judgment, duly made by said superior court of the city and county of San Francisco on February 27, 1926, and recorded in Book 238 of Judgments, at page 498, said George Conrad Snyder was denied a divorce; that no appeal was ever taken from said judgment, and the same is now final. (2) That in that certain action for maintenance, filed by this defendant, Louise Clarke Snyder, against the plaintiff, George Conrad Snyder, in the superior court of the State of California, in and for the city and county of San Francisco, numbered 163702, the said George Conrad Snyder filed a cross-complaint, in which he sought a divorce from this defendant upon the ground of extreme cruelty and desertion; that on the 10th day of May, 1927, judgment was duly made and entered in said action in favor of Louise Clarke Snyder, the plaintiff therein, and thereafter duly recorded, adjudging that she was entitled to maintenance from said George Conrad Snyder in the sum of $100 a month, commencing April 28, 1927, and it was

therein further ordered and adjudged that the said George Conrad Snyder was not entitled to a divorce from the said Louise Clarke Snyder; that no appeal was ever taken from said judgment, and the same is now final. Wherefore the defendant prayed judgment and for such other and further relief as may be meet in the premises.

On March 1, 1928, the plaintiff filed a general demurrer to each of the defendant's alleged defenses, upon the ground that they do not state facts sufficient to constitute a defense to the plaintiff's cause of action. The demurrers were sustained, and the defendant did not amend. Upon the issues joined, a trial was had without a jury.

On July 20, 1928, the court, Hon. George A. Bartlett, judge presiding, rendered its decision in favor of the plaintiff and against the defendant, and decided that the plaintiff should pay to the defendant for her support and maintenance during her natural life, or until such time as she should remarry, the sum of $75 per month.

On August 6, 1928, the defendant filed and gave notice of her intention to move for a new trial upon the grounds: (1) Insufficiency of the evidence to justify the decision; (2) that the decision is against law; (3) errors of law occurring at the trial and excepted to by the defendant. In the notice of motion it was stated that the defendant would, upon the hearing, use and refer to the pleadings, orders of the court, documentary evidence, report of the testimony, and records of the court, and that a memorandum of errors and exceptions would be filed. On August 14, 1928, upon settlement, formal findings of facts and conclusions of law were signed and filed, upon which findings and conclusions, on, to wit, August 14, 1928, it was adjudged, ordered, and decreed that the plaintiff be and is granted judgment for divorce from the defendant, and it was further ordered, adjudged, and decreed that the plaintiff pay to the defendant for her support and maintenance, during the natural life of defendant or until

such time as she may remarry, the sum of $75 per month.

The defendant's motion for new trial came on for hearing and decision before the Hon. B. F. Curler, then judge of said court. On May 13, 1931, the court rendered its decision in writing, and ordered that the motion for new trial be denied. On, to wit, July 10, 1931, the defendant filed and served her notice of appeal to this court from the judgment rendered on August 14, 1928, and from the order made and entered on May 13, 1931, denying the defendant's motion for new trial.

Pursuant to the provisions contained in our civil practice act, to be found in section 9402 N. C. L., counsel for appellant purport to state in their opening brief the grounds upon which appellant seeks reversal of the order denying and overruling her motion for new trial. Quoting from the brief, the errors relied upon are as follows: "The appellant seeks a reversal of the district court's denial of a new trial, and presents for this court's determination, the errors by her claimed to have been committed by the district court in sustaining respondent's demurrer, as stated, and in not admitting in evidence exemplified copy of the two cases that had been instituted in, and determined by the Superior Court of San Francisco County; also, in making its findings of fact and the conclusions of law reached, and the decree entered in said case."

Overlooking the criticism that, under the circumstances disclosed by this record, more definite specifications of error should have been stated, for clearness we shall segregate the alleged errors as follows: (1) The court erred in sustaining the respondent's demurrer to the defendant's separate defenses respecting the two California cases pleaded by way of res adjudicata; (2) the court erred in its refusal to admit in evidence exemplified copies of the pleadings, findings, and judgments in said California cases; (3) the evidence is insufficient to support the trial court's findings of facts, and that the court erred in denying the appellant's motion for new trial.

**1, 2.** Both upon the weight of reason and the preponderance of the authorities, we shall decline to consider the assignment that the court below committed error in sustaining the respondent's demurrer to the defendant's separate defenses as hereinabove set out. A new trial is defined by statute to be a reexamination of an issue of fact in the same court after a trial and decision by a jury, court, or referee. Section 8875 N. C. L. Being a reexamination of an issue of fact, it is well settled that errors in rulings upon demurrers to pleadings cannot be reviewed on motion for new trial. Hayne New Trial and Appeal, Revised Edit., vol. 1, sec. 7, and cases cited. It is manifest that this is the correct principle to be applied in this case. The record discloses that after the ruling upon the demurrer the appellant, though privileged so to do, did not amend her answer, and upon the issues, joined upon the pleadings, a trial and decision was had. A reversal of the order denying appellant's motion for new trial, with directions to overrule the demurrer, would result in, not a reexamination of the issues of fact tried, but in the formation of different issues of fact, or in the determination of the case upon issues of law. Hayne New Trial and Appeal, supra, and cases cited.

**3.** For similar reasons we apply the principle to the appellant's second assignment of error, that the court erred in refusing to admit in evidence exemplified copies of the pleadings, findings and judgments in the superior court of the city and county of San Francisco, Calif.

The only question which remains for determination is whether or not the evidence is sufficient to sustain the findings upon which the judgment in this case was rendered. Counsel for appellant state in their opening brief that an examination of the testimony disproves the truth of the averments contained in the plaintiff's complaint respecting the impotency of the appellant, and that the greater weight of testimony upon the trial was with the appellant. Counsel further state that they are mindful of the delicacy of the question to be determined by the weight of the evidence,

and that it is not their purpose to examine the evidence or comment upon it in any way whatever, and that they purposely refrain from so doing. This places this court in the position, without the aid of counsel, to review the testimony, both oral and documentary, and determine, not as to the weight of the evidence, but whether or not there is any evidence of a substantial character as to support the trial court's findings. We have examined the bill of exceptions, containing all of the evidence, with great caution, and reach the conclusion that the order denying and overruling appellant's motion for new trial should be affirmed.

It is so ordered.